PRESENT: Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and Kinser, JJ., and Stephenson, S.J.

DAVID LEE HILLS

OPINION BY
v.  Record No. 010193    SENIOR JUSTICE ROSCOE B. STEPHENSON, JR.
                                    November 2, 2001
COMMONWEALTH OF VIRGINIA


FROM THE COURT OF APPEALS OF VIRGINIA

In Fishback v. Commonwealth, 260 Va. 104, 115, 532 S.E.2d 629, 634 (2000), we established a new rule requiring trial courts to instruct juries on the abolition of parole for non-capital felony offenses committed on and after January 1, 1995. In this appeal, we determine (1) whether the appropriate remedy for a Fishback error is a remand of the case for a new sentencing hearing only, and (2) whether Fishback requires a trial court to permit voir dire examination of prospective jurors concerning their knowledge of parole ineligibility.

I

In a bifurcated jury trial in the Circuit Court of Fairfax County, David Lee Hills was convicted of raping Patricia McKendry on November 7, 1997. The jury fixed Hills' punishment at six years in prison. Thereafter, the trial court sentenced Hills in accordance with the jury's verdict.

The Court of Appeals awarded Hills an appeal, and, on May 23, 2000, a panel of the Court affirmed the trial court's judgment. Hills v. Commonwealth, 32 Va. App. 479, 528 S.E.2d

730 (2000).  On July 18, 2000, a panel of the Court granted Hills' motion for a rehearing, which included issues raised by our decision in Fishback.  On September 26, 2000, the panel of the Court issued a new opinion, reversing the trial court's judgment in part and remanding the case to the trial court for resentencing.  Hills v. Commonwealth, 33 Va. App. 442, 534 S.E.2d 337 (2000).

We awarded Hills this appeal to consider his assignment of error claiming that the Court of Appeals erred "in remanding the case to the trial court only for resentencing instead of a new trial."  We also agreed to consider the Commonwealth's assignment of cross-error claiming that the Court of Appeals erred "by holding that Fishback . . . requires the trial judge to allow voir dire examination of prospective jurors concerning their understanding of the status of parole in Virginia."

II

The facts relevant to the issues presented in this appeal are undisputed and may be briefly stated.  During jury voir dire, Hills' counsel attempted to ask potential jurors whether they had "any knowledge or expectation as to the parole rules in Virginia."  The trial court sustained the Commonwealth's objection to the question.

During the jury's deliberations in the penalty phase of the trial, the jury submitted the following written question to the

trial court: "Is parole available to the person convicted of the crime of rape in the Commonwealth of Virginia?" Hills' counsel requested that the jury be instructed that "parole is no longer available in Virginia, that a person serves a minimum of eighty-five percent of any sentence which is imposed." The trial court refused to grant the requested instruction; instead, the court told the jury that "[y]ou should not concern yourself with this. You should sentence in accordance with the instruction given to you." Thereafter, the jury returned its verdict, fixing Hills' punishment at six years in prison.

III

A

In 1994, the General Assembly enacted Code § 53.1-165.1, which provides, in pertinent part, that "[a]ny person sentenced to a term of incarceration for a felony offense committed on or after January 1, 1995, shall not be eligible for parole upon that offense." As a consequence, on June 9, 2000, in Fishback, we established the new rule and directed that "henceforth juries shall be instructed, as a matter of law, on the abolition of parole for non-capital felony offenses committed on or after January 1, 1995." 260 Va. at 115, 532 S.E.2d at 634. We also held that this new rule of criminal procedure "is limited prospectively to those cases not yet final" on June 9, 2000, the date of the decision. Id. at 116, 532 S.E.2d at 634.

3

In the present case, Hills committed the felony offense after January 1, 1995, and his case was not final when Fishback was decided. Therefore, the rule established in Fishback applies, and the Court of Appeals correctly held that the trial court erred in failing to instruct the jury in the penalty phase of the trial that parole had been abolished.

B

Hills contends that, although the Court of Appeals correctly held that Fishback requires a reversal of the trial court's judgment, the Court erred in failing to remand the case to the trial court for a new trial. He asserts that he is entitled to a new trial "because all of the evidence introduced at trial is relevant to sentencing."

To decide this issue, we look first to Code § 19.2-295.1, which provides, in pertinent part, that, "[i]f [a] sentence on appeal is subsequently set aside or found invalid solely due to an error in the sentencing proceeding, the court shall impanel a different jury to ascertain punishment." In the present case, the error in question occurred in the sentencing proceeding; therefore, the statute requires only a new sentencing hearing.

Additionally, we previously have remanded cases limited to a new sentencing hearing for an error in the penalty phase of a bifurcated trial. Indeed, that was the precise remedy mandated in Fishback. Id. at 117, 532 S.E.2d at 635. We also ordered

4

that remedy in Yarbrough v. Commonwealth, 258 Va. 347, 375, 519 S.E.2d 602, 617 (1999), a capital-murder case.

As previously noted, Hills asserts that all evidence at trial is relevant to sentencing and that much of the evidence in the guilt-determination phase of the trial would not be admissible at a new sentencing hearing. We have held, however, that, at a resentencing hearing,

> the physical evidence admitted and marked as exhibits in the first trial may be considered, so much of the transcript of the testimony and proceedings in the first trial as may be necessary to show the nature of the offense charged and the circumstances under which it was committed may be read in open court, and such additional evidence as may be competent and relevant to the issue of punishment may be adduced.

Huggins v. Commonwealth, 213 Va. 327, 329, 191 S.E.2d 734, 736 (1972). Thus, we conclude that the Court of Appeals correctly remanded Hills' case to the trial court only for a new sentencing hearing.

IV

In its assignment of cross-error, the Commonwealth contends that the Court of Appeals erred in holding that Fishback requires a trial court to permit voir dire examination of prospective jurors concerning their understanding of the status of parole. We agree.

We decided this very issue in Lilly v. Commonwealth, 255 Va. 558, 567, 499 S.E.2d 522, 529-30 (1998), rev'd on other

5

grounds, 527 U.S. 116 (1999). In that case, Lilly claimed that the trial court erred in not allowing him to question prospective jurors on the matter of parole ineligibility of defendants who are given life sentences in capital-murder cases. Lilly asserted that he was entitled to so question prospective jurors because the Supreme Court, in Simmons v. South Carolina, 512 U.S. 154, 162, 169 (1994), mandated that trial courts instruct juries on parole ineligibility in capital-murder cases. In rejecting Lilly's contention, we said the following:

> The clear import of Simmons is that, once a defendant is convicted of a capital crime, he has, as a matter of due process, the right to have the jury informed of his ineligibility for parole in order that this factor may be weighed by the jury against the finding of his further dangerousness to society. Nothing in Simmons even remotely suggests that knowledge of parole ineligibility rules and exploration of potential jurors' opinions on that subject would be a proper topic for voir dire. The probable confusion and prejudice such an inquiry would cause in the minds of jurors is self-evident.

255 Va. at 567, 499 S.E.2d at 529-30 (footnote omitted).

We adhere to our ruling in Lilly and hold that voir dire questions about parole are improper and are not to be allowed by trial courts. Thus, in the present case, the Court of Appeals erred in ruling that Fishback required the trial court to permit such voir dire questioning of prospective jurors.

V

6

In sum, we will reverse that part of the judgment of the Court of Appeals requiring voir dire questioning of prospective jurors concerning their knowledge of parole ineligibility.  We will affirm that part of the judgment of the Court of Appeals remanding this case to the trial court for only a new sentencing hearing, and we will remand the case to the Court of Appeals with directions that it, in turn, remand the case to the trial court for a new sentencing hearing.

Affirmed in part,
reversed in part,
and remanded.

JUSTICE KINSER concurring.

I agree with the conclusion of the majority opinion with regard to the two limited issues presented in this appeal. Nevertheless, I write separately to reiterate the views that I expressed in Fishback v. Commonwealth, 260 Va. 104, 118-22, 532 S.E.2d 629, 635-38 (2000) (Kinser, J., dissenting).  Although I continue to disagree with the result in Fishback, I cannot say that the decision was a "flagrant error or mistake."  Selected Risks Ins. Co. v. Dean, 233 Va. 260, 265, 355 S.E.2d 579, 581 (1987); accord Nelson v. Warden, 262 Va. 276, 280, 552 S.E.2d 73, 75 (2001).  Thus, in accordance with the principles of stare decisis, I am bound by the decision in Fishback.