Present:  Kinser, C.J., Lemons, Goodwyn, Millette, and Mims, JJ., and Koontz, S.J.[*]

ANASTASIA KOZMINA

v.  Record No. 092395    OPINION BY JUSTICE DONALD W. LEMONS
                                        March 4, 2011
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jonathan C. Thacher, Judge

In this appeal, we consider whether the trial court erred by denying the defendant's motion to disqualify the Commonwealth's Attorney from prosecuting a charge of first-offense refusal to take a breath test in violation of Code § 18.2-268.3.

I.  Facts and Proceedings Below

Anastasia Kozmina ("Kozmina") was tried and found guilty by the Fairfax County General District Court for refusal of a breath test in violation of Code § 18.2-268.3.  She appealed the case to the Circuit Court of Fairfax County.  Prior to her trial in the circuit court, Kozmina filed a motion to disqualify the Commonwealth's Attorney from prosecuting the case.  Kozmina argued that Virginia law does not permit the prosecution of a first-offense refusal by the Commonwealth's Attorney and that only the Attorney General was permitted to

_____

[*] Justice Koontz presided and participated in the hearing and decision of this case prior to the effective date of his retirement on February 1, 2011; Justice Kinser was sworn in as Chief Justice on February 1, 2011.

prosecute the case.  Specifically, she argued that Code

§ 15.2-1627 does not grant the Commonwealth's Attorney the

statutory authority to prosecute the case because a first-

offense refusal is a civil offense.[1]  The trial court denied

Kozmina's motion and found her guilty of refusal of a breath

test in violation of Code § 18.2-268.3.

Kozmina timely filed her notice of appeal to this Court,

and we granted an appeal on the following assignment of error:

1.   The trial court erred in denying Ms. Kozmina's
     motion to remove the Assistant Commonwealth's
     Attorney as counsel for the Commonwealth from trial
     of the case.

II.  Analysis

A.  Standard of Review

An issue of statutory interpretation is a pure question

of law which we review de novo.  Conyers v. Martial Arts World

of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178

(2007).

> When the language of a statute is unambiguous,
> we are bound by the plain meaning of that
> language.  Furthermore, we must give effect to
> the legislature's intention as expressed by the
> language used unless a literal interpretation of
> the language would result in a manifest

---

[1] The Court is aware of pending legislation regarding this issue.  House Bill 1809 proposes to amend Code § 15.2-1627 by adding a specific provision permitting attorneys for the Commonwealth and their assistants to "enforce the provisions of subsection D of § 18.2-268.3."  As of the date of this opinion, the Bill has passed the House and Senate but has not yet been signed by the Governor.

absurdity.  If a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute.

Id. (citations omitted).  Additionally, "[t]he plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction."  Meeks v. Commonwealth, 274 Va. 798, 802, 651 S.E.2d 637, 639 (2007) (citation and internal quotation marks omitted).

B.  Commonwealth's Attorneys May Prosecute First-Offense Refusal Cases Pursuant to Code § 18.2-268.3

Code § 15.2-1627(B) outlines the duties and powers of Commonwealth's and assistant Commonwealth's Attorneys generally.  It declares that they

shall have the duties and powers imposed upon [them] by general law, including the duty of prosecuting all warrants, indictments or informations charging a felony, and [they] may in [their] discretion, prosecute Class 1, 2 and 3 misdemeanors, or any other violation, the conviction of which carries a penalty of confinement in jail, or a fine of $500 or more, or both such confinement and fine.

Code § 15.2-1627(B).  In this appeal, Kozmina argues that because a first violation of Code § 18.2-268.3 is a civil offense pursuant to subsection (D) of that statute, and because a first-offense refusal is not punishable by a fine of $500 or more, confinement in jail, or both, Code § 15.2-1627 does not give a Commonwealth's Attorney the statutory authority to prosecute a first-offense refusal.

3

We previously have recognized that "[w]hile it is clear that Commonwealth's Attorneys are limited in the matters they may pursue, they are not entirely confined to criminal actions." Moreau v. Fuller, 276 Va. 127, 134, 661 S.E.2d 841, 845 (2008). In fact, the legislature specifically has provided Commonwealth's Attorneys with numerous civil responsibilities, including, among others, "enjoining common nuisances relating to alcohol, Code § 4.1-335, and instituting seizures of property used in the sale and distribution of drugs, Code § 19.2-386.1."[2] Id. at 134-35, 661 S.E.2d at 845 (footnote omitted).

---

[2] Additional Commonwealth's Attorney's civil responsibilities include: Code §§ 2.2-3126(B) (conflict of interest opinions); 3.2-3947(B) (enjoining pesticide violations); 3.2-4505(2) (apple injunctions); 3.2-4749 (farm produce injunctions); 8.01-622.1(B) (enjoining assisted suicide); 8.01-637(A) (instituting actions in quo warranto); 10.1-1320.1 (seeking fines and penalties for Air Pollution Control Board); 18.2-245(b) (enjoining continuing sales frauds in addition to any available criminal sanctions); 18.2-339 (enjoining gambling); 18.2-371.2(D) (civil actions for sale of tobacco to minors); 18.2-384(1) (determining obscenity of books); 21-220 (enjoining pollution of tidal waters); 32.1-125.2(B) (medical care facilities and services injunctions); 40.1-49.6(A) (must represent the Commonwealth in civil matters involving enforcement of health and safety labor provisions); 48-8 (prostitution injunctions); 54.1-2964(B) (enjoining violations of laws relating to the disclosure of interest in facilities and clinical laboratories); 54.1-3943 (Attorney solicitation injunctions); 55-525.31(D) (Consumer Real Estate Settlement Protection Act injunctions); 57-23 (appointment or removal of trustees of public cemeteries); 57-25 (condemnation of land to establish local cemeteries); 57-59(C) (charitable solicitation and terrorism injunctions); 58.1-339.10(D) (assisting the State Forester in collecting

Consequently, it is necessary to look to the statutory scheme in question to determine the legislature's intent regarding whether Commonwealth's and assistant Commonwealth's Attorneys may prosecute first-offense violations of Code § 18.2-268.3. It is not necessary to look further than the text of the relevant statutes.

Code § 18.2-268.3(A) declares:

> It shall be unlawful for a person who is arrested for a violation of § 18.2-266 [driving while intoxicated], 18.2-266.1 [unlawful for a person under the age of 21 to operate a motor vehicle after illegally consuming alcohol], or subsection B of § 18.2-272 [driving after forfeiture of license] or of a similar ordinance to unreasonably refuse to have samples of his blood or breath or both blood and breath taken for chemical tests to determine the alcohol or drug content of his blood as required by § 18.2—268.2 and any person who so unreasonably refuses is guilty of a violation of this section.

Code § 18.2-268.3(D) further declares that "[a] first violation of this section is a civil offense and subsequent violations are criminal offenses. For a first offense the court shall suspend the defendant's privilege to drive for a period of one year." Additionally, if a person is found to

---

taxes); 58.1-3354 (correcting assessments); 59.1-68.4 (Home Solicitations Sales Act and deceptive trade practices injunctions); 62.1-194.1(B) (enjoining obstruction or contamination of waters); and 62.1-194.3(c) (enjoining obstruction or dumping in the Big Sandy River. See Moreau, 276 Va. at 134-35 n.3, 661 S.E.2d at 845 n.3.

have violated Code § 18.2-268.3, and within 10 years prior to the date of the refusal has been previously found guilty under this section, that person is guilty of either a Class 1 or Class 2 misdemeanor, depending on the number of prior violations. Code § 18.2-268.3(D).

Significantly, Code § 18.2-268.4(B) provides that "[t]he procedure for appeal and trial of a first offense of § 18.2-268.3 <u>shall be the same as provided by law for misdemeanors</u>." (Emphasis added.) In this case, Kozmina objected to the Commonwealth's Attorney's involvement on appeal and trial of her first-offense refusal in the Circuit Court of Fairfax County. Clearly, Code § 15.2-1627(B) authorizes a Commonwealth's or assistant Commonwealth's Attorney to represent the Commonwealth in misdemeanor cases. Permitting a Commonwealth's or assistant Commonwealth's Attorney to prosecute a first-offense refusal case is part of "[t]he procedure for appeal and trial" of such a charge, as contemplated by Code § 18.2-268.4(B).

### III. Conclusion

Despite the fact that first-offense refusal cases under Code § 18.2-268.3 are civil in nature, Commonwealth's and assistant Commonwealth's Attorneys are vested with the authority to prosecute them under Code § 18.2-268.4(B) because the legislature has directed that the "procedure for appeal

6

and trial" under this Code section "shall be the same as provided by law for misdemeanors."  Code § 18.2-268.4(B).  Under Code § 15.2-1627(B), misdemeanors are prosecuted by Commonwealth's Attorneys and their assistants.  The trial court properly denied Kozmina's motion to remove the Commonwealth's Attorney from the trial of the case.  We will affirm the trial court's judgment holding that Kozmina is guilty of first-offense refusal of a breath test in violation of Code § 18.2-268.3.

<u>Affirmed</u>.
