COURT OF APPEALS OF VIRGINIA


Present:   Judges Petty, Beales and Huff
Argued at Richmond, Virginia


JOSEPH BOOKER

                                                              OPINION BY
v.       Record No. 0549-11-2                      JUDGE RANDOLPH A. BEALES
                                                              APRIL 10, 2012

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AMELIA COUNTY
George F. Tidey, Judge Designate

        Theron L. Marsh for appellant.

        Kathleen B. Martin, Senior Assistant Attorney General (Kenneth T.
        Cuccinelli, II, Attorney General, on brief), for appellee.


        Joseph Booker (appellant) was convicted of three counts of distribution of cocaine in

2003 in violation of Code § 18.2-248.  After appellant's sentence was vacated on appeal and the

matter was remanded to the circuit court, a resentencing hearing was held for these convictions

on July 8, 2010.  On appeal, appellant argues that the circuit court erred at resentencing by

reading the statement of facts to the resentencing jury, including a description of an April 26,

2003 conversation in that statement of facts.  For the following reasons, we agree that the circuit

court erred, and we reverse and remand for resentencing.

                                    I.  BACKGROUND

        Appellant was tried by a jury in Amelia County Circuit Court in 2003.  He was convicted

of three counts of distribution of cocaine in violation of Code § 18.2-248, and sentenced to 12

years in prison on each conviction for a total sentence of 36 years.  Appellant's sentences were

vacated on appeal by the Supreme Court of Virginia, and the case was remanded to the circuit

court for a new sentencing hearing with a new jury. See Booker v. Commonwealth, 276 Va. 37, 661 S.E.2d 461 (2008).

After appellant's case was remanded for resentencing, he filed a motion to limit the evidence the Commonwealth could present at the new sentencing hearing. He argued that Code § 19.2-295.1 allowed the Commonwealth to present in its case-in-chief at resentencing only the defendant's prior criminal history and a victim impact statement. Thus, appellant argued that the Commonwealth could not present a summary of the evidence that had been heard in the guilt phase of the trial. The prosecutor argued that he was entitled to show the new sentencing jury the circumstances of the convictions so that they would not have "to operate in the complete dark." The circuit court stated that "the jury cannot go blind" and had "to know what occurred." The circuit court directed the Commonwealth to submit a proposed statement of facts and for the defendant to file a response. The circuit court also ruled that no live witnesses could be used in the Commonwealth's case-in-chief at resentencing to present evidence from the guilt phase.

The Commonwealth's statement of facts described the three drug transactions for which appellant was convicted and that took place between the defendant and the confidential informant on April 13, April 26, and May 3, 2003. A fourth incident alluded to in the statement of facts referred to another drug deal in which appellant indicates that he was cheated out of some of the money he was to be paid for the drugs. The information on this fourth drug transaction – for which appellant was never charged – came from a videotape of the April 26, 2003 transaction between appellant and the confidential informant, which had been played for the jury at the original trial.

The conversation between appellant and the confidential informant from the April 26, 2003 incident that was included in the statement of facts is at issue in appellant's second assignment of error; it reads as follows:

> The confidential informant . . . drove to the . . . residence on Lodore Road. Booker got into the confidential informant's vehicle, drove down the road and back. There was a conversation between the confidential informant and Mr. Booker wherein Booker indicated that he was cheated on a drug deal by an individual. So he had to count the money the confidential informant gave him. Booker then stated he counted the money because he was ripped off by this individual.

While expressly not waiving his objection to a summary of facts being given to the jury, appellant proposed the summary should contain only information about when and where each of the three cocaine sales occurred, and the amounts of money and cocaine involved. He proposed an alternative statement of facts that included only that information. Appellant specifically objected to the Commonwealth including information from the April 26, 2003 incident regarding a fourth drug sale. Appellant contended that the challenged evidence concerned unadjudicated, unrelated criminal acts that would not be admissible in the guilt phase of a trial.

The circuit court prepared a statement of facts, which included information taken from the Commonwealth's and appellant's proposed statements of facts. Before the resentencing hearing began on July 8, 2010, appellant renewed his objection that Code § 19.2-295.1 did not allow the use of a statement of facts. He objected again to the inclusion of the April 26, 2003 conversation between appellant and the informant.

The circuit court judge read the statement of facts to the jury. The Commonwealth then introduced appellant's prior convictions for shooting into an occupied dwelling and assault and battery. Appellant presented no evidence. The jury was instructed that the sentencing range for each conviction was five to forty years and a fine of not more than $500,000. Appellant argued that the minimum five-year sentence on each conviction was appropriate, and the Commonwealth asked the jury to impose fifteen years on each conviction. The jury sentenced appellant on the three convictions for distributing cocaine to five years for the first conviction

(the minimum sentence under the statute), seven years for the second conviction, and eight years for the third conviction, for a total of twenty years.

## II.  ANALYSIS

### A.  Standard of Review

The facts are considered in the light most favorable to the Commonwealth, which prevailed below.  See Giles v. Commonwealth, 277 Va. 369, 373, 672 S.E.2d 879, 882 (2009). Decisions involving the admission of evidence are reviewed on appeal for abuse of discretion by the trial court.  See Jones v. Commonwealth, 50 Va. App. 437, 445, 650 S.E.2d 859, 863 (2007). The trial court's ruling concerning the admissibility of evidence will not be disturbed on appeal in the absence of an abuse of discretion.  Id. at 446, 650 S.E.2d at 863.

As both the Supreme Court of the United States and the Supreme Court of Virginia have explained, a trial court "'by definition abuses its discretion when it makes an error of law. . . . The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions.'"  Porter v. Commonwealth, 276 Va. 203, 260, 661 S.E.2d 415, 445 (2008) (quoting Koon v. United States, 518 U.S. 81, 100 (1996)).

### B.  The Circuit Court's Abuse of Discretion in Reading the New Statement of Facts, Including a Summary of the April 26, 2003 Conversation, to the Resentencing Jury

On appeal, appellant argues that the circuit court erred by presenting at resentencing the statement of facts that included a description of an April 26, 2003 conversation between appellant and a confidential informant, the summary of which in the statement of facts had not been presented to the previous sentencing jury.  Relying on Code § 19.2-295.1 and the Supreme Court of Virginia's interpretation of Code § 19.2-295.1 in Hills v. Commonwealth, 262 Va. 807, 811, 553 S.E.2d 722, 724 (2001), we agree.[1]

_____

[1] Appellant also argues that Code § 19.2-295.1 permits the Commonwealth to introduce at a resentencing hearing additional evidence beyond a victim impact statement and the

At resentencing, the circuit court judge compiled a statement of facts and read it to the resentencing jury. The statement of facts was not admitted at the original trial. It was created entirely by the circuit court judge (with input from the Commonwealth's attorney and defense attorney) and entirely for the resentencing. The statement of facts included the circuit court judge's summary of an April 26, 2003 incident, in which appellant allegedly sold .380 gram of cocaine to a confidential informant for $100:

> The confidential informant . . . drove to the . . . residence on Lodore Road. Booker got into the confidential informant's vehicle, drove down the road and back. There was a conversation between the confidential informant and Mr. Booker wherein Booker indicated that he was cheated on a drug deal by an individual. So he had to count the money the confidential informant gave him. Booker then stated he counted the money because he was ripped off by this individual.

Code § 19.2-295.1 governs sentencing proceedings by the jury after conviction and states:

> In cases of trial by jury, upon a finding that the defendant is guilty of a felony or a Class 1 misdemeanor, or upon a finding in the trial de novo of an appealed misdemeanor conviction that the defendant is guilty of a Class 1 misdemeanor, a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury. At such proceeding, the Commonwealth may present any victim impact testimony pursuant to § 19.2-295.3 and shall present the defendant's prior criminal history, including prior convictions and the punishments imposed, by certified, attested or exemplified copies of the final order, including adult convictions and juvenile convictions and adjudications of delinquency. Prior convictions shall include convictions and adjudications of delinquency under the laws of any state, the District of Columbia, the United States or its territories. The Commonwealth shall provide to the defendant 14 days prior to trial notice of its intention to introduce copies of final orders evidencing the defendant's prior criminal history, including prior

---

defendant's prior criminal history *only as rebuttal evidence* <u>after</u> the defendant introduces his or her own evidence at the resentencing hearing. Because this Court is bound by the Supreme Court's holding in <u>Hills</u> and given the basis of our decision here, we need not address this argument on appeal.

convictions and punishments imposed. Such notice shall include (i) the date of each prior conviction, (ii) the name and jurisdiction of the court where each prior conviction was had, (iii) each offense of which he was convicted, and (iv) the punishment imposed. Prior to commencement of the trial, the Commonwealth shall provide to the defendant photocopies of certified copies of the final orders which it intends to introduce at sentencing. After the Commonwealth has introduced in its case-in-chief of the sentencing phase such evidence of prior convictions or victim impact testimony, or both, or if no such evidence is introduced, the defendant may introduce relevant, admissible evidence related to punishment. Nothing in this section shall prevent the Commonwealth or the defendant from introducing relevant, admissible evidence in rebuttal.

"An issue of statutory interpretation is a pure question of law which we review de novo."

Kozmina v. Commonwealth, 281 Va. 347, 349, 706 S.E.2d 860, 862 (2011) (citing Conyers v.

Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007)).

When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity. If a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute.

Id. at 349-50, 706 S.E.2d at 862 (citations omitted).

Code § 19.2-295.1 is procedural in nature, Lebundum v. Commonwealth, 27 Va. App. 697, 717, 501 S.E.2d 427, 437 (1998), and has been interpreted by the Supreme Court of Virginia to permit evidence of the circumstances surrounding the offense to be admitted at resentencing. See Hills, 262 Va. at 811, 553 S.E.2d at 724. Normally, a sentencing jury is very aware of the circumstances of the offense because those same jurors have heard such evidence during the guilt phase of the trial. See Sheikh v. Buckingham Corr. Ctr., 264 Va. 558, 566, 570 S.E.2d 785, 789 (2002) (noting that "the evidence and argument that had been presented to the jury in the guilt phase was still fresh in the jurors' minds" during the sentencing phase). A resentencing jury, of course, has not heard any of the evidence presented at trial. In order for a

resentencing jury to do its job intelligently, it certainly must have before it enough information so that this newly impaneled jury does not blindly sentence a defendant. The Supreme Court of Virginia has stated in a different context that a jury must be afforded "the benefit of all significant and appropriate information" when determining a defendant's sentence, as "a properly informed jury ensures a fair trial both to the defendant and the Commonwealth." Fishback v. Commonwealth, 260 Va. 104, 113, 532 S.E.2d 629, 632 (2000). As a properly informed jury is also necessary for resentencing, it is appropriate for a circuit court to permit a resentencing jury to hear the same evidence, to which the original sentencing jury was privy through the evidence admitted at trial.

We certainly disagree with the concurring/dissenting opinion's conclusion that claims we believe the General Assembly somehow made "a legislative oversight" in drafting Code § 19.2-295.1 and that, consequently, we are judicially redrafting the statute to fix that "oversight." On the contrary, our decision is based on the plain language of Code § 19.2-295.1. Interpreting the statute otherwise would be to leave the resentencing jury in the dark on many of the most basic relevant facts surrounding the case and then expect that jury to impose a fair sentence, which would essentially "result in a manifest absurdity" – a result that the legislature clearly did not intend. Kozmina, 281 Va. at 349-50, 706 S.E.2d at 862 (citing Conyers, 273 Va. at 104, 639 S.E.2d at 178). Furthermore, our decision is bound by the Supreme Court of Virginia's interpretation of the statute in Hills, 262 Va. at 811, 553 S.E.2d at 724. See Roane v. Roane, 12 Va. App. 989, 993, 407 S.E.2d 698, 700 (1991) (noting that we are bound by the Supreme Court's decisions).

Indeed, the Supreme Court of Virginia expressly permitted evidence from the guilt phase of the original trial to be admitted at resentencing in Hills, which states:

> At a resentencing hearing "the physical evidence admitted and marked as exhibits in the first trial may be considered*, so much of

the transcript of the testimony and proceedings in the first trial *as may be necessary to show the nature of the offense charged and the circumstances under which it was committed* may be read in open court, and such additional evidence as may be competent and relevant to the issue of punishment may be adduced."

262 Va. at 811, 553 S.E.2d at 724 (emphasis added).[2] See Commonwealth v. Shifflett, 257 Va. 34, 43, 510 S.E.2d 232, 236 (1999)[3] (supporting the principle that evidence of the facts and circumstances surrounding an offense are admissible at resentencing).

In light of the Supreme Court's express holding in Hills, and the fact that a resentencing jury needs some overall context from which to make an intelligent decision, it is clear that Code § 19.2-295.1 permits at a resentencing hearing evidence from the original trial "as may be necessary to show the nature of the offense charged and the circumstances under which" the offense was committed. Hills, 262 Va. at 811, 553 S.E.2d at 724.

However, here we do not have admissible evidence *from the original trial*. Instead, we have a statement of facts – which was not admitted at trial and is the result of the *circuit court*

---

[2] In Hills, the Supreme Court concluded that when looking to Code § 19.2-295.1, Hills was not entitled to a new trial when an error under Fishback, 260 Va. at 115, 532 S.E.2d at 634, occurred, i.e. when the trial court failed to instruct the jury on the abolition of parole for non-capital felony offenses committed on and after January 1, 1995. Hills, 262 Va. at 812, 553 S.E.2d at 725. (Hills had argued he was entitled to a new trial "because *all* of the evidence introduced at trial is relevant to sentencing." Id. at 810, 553 S.E.2d at 724). The Supreme Court concluded that "the Court of Appeals correctly remanded Hills' case to the trial court only for a new sentencing hearing" – instead of a new trial. Id. at 811, 553 S.E.2d at 724.

[3] In Shifflett, 257 Va. at 43, 510 S.E.2d at 236, the Supreme Court stated:

We perceive no sound reason why the factors that may be considered by a jury in capital murder cases should not likewise be available for consideration by a jury in noncapital cases under § 19.2-295.1. The goal of having an informed jury assess appropriate punishment should be no less essential merely because a noncapital offense is involved.

Id. (Code § 19.2-264.4 (the capital sentencing statute) expressly provides for the admissibility of evidence at sentencing regarding "the circumstances surrounding the offense.").

*judge's own interpretation* of the evidence presented at trial. Absent agreement of the parties, Hills simply does not permit the reading of a statement of facts to the resentencing jury – when the original jury did not have before it that same statement of facts. [4] While the Supreme Court expressly permits the introduction of evidence from the first trial "as may be necessary to show the nature of the offense charged and the circumstances under which it was committed," id., we hold that such evidence must be the *same evidence* as was presented at trial – unless the parties and the circuit court agree to a different procedure, which, of course, did not happen here. Here, Hills permits the admission at resentencing of a transcript of the evidence at trial, a videotape of the April 26, 2003 incident, and any other evidence that was presented at the original trial. However, a judge's own interpretation of that evidence – in the form of a statement of facts newly created for a resentencing jury – is not admissible at resentencing (absent agreement of the parties).

### III. CONCLUSION

Code § 19.2-295.1 and the Supreme Court of Virginia's interpretation of Code § 19.2-295.1 in Hills do not permit a statement or summary of facts, which had not been admitted at the original trial, to be admitted at resentencing before an entirely different jury without the agreement of the parties and the circuit court. Id. Thus, it was an abuse of discretion for the circuit court judge to admit the statement of facts here by reading it to the resentencing jury. See Jones, 50 Va. App. at 445, 650 S.E.2d at 863.

The circuit court abused its discretion "'when it ma[de] an error of law'" by admitting the statement of facts (including the April 26, 2003 incident). Porter, 276 Va. at 260, 661 S.E.2d at 445 (quoting Koon, 518 U.S. at 100). The decision to do so was "guided by [the] erroneous legal conclusion" that a statement of facts *that was not presented at the original trial* is admissible at

---

[4] The Court cannot conclude that the circuit court's error in this manner was harmless under the facts of this particular case.

resentencing.  Id.  As required by Code § 19.2-295.1 and the Supreme Court of Virginia's

interpretation of Code § 19.2-295.1 in Hills, a resentencing jury can hear evidence "as may be

necessary to show the nature of the offense charged and the circumstances under which it was

committed" *only* when such evidence has already been presented at the original trial.  Hills, 262

Va. at 811, 553 S.E.2d at 724.  Therefore, the circuit court judge erred when he read to the

resentencing jury the statement of facts that he had created to describe what occurred at the

original trial but that was, of course, not available to the original jury.

Accordingly, for the foregoing reasons, we reverse and remand to the circuit court for

resentencing consistent with this opinion.

Reversed and remanded.

Huff, J., concurring, in part, and dissenting, in part.

While I concur in the majority opinion's reversal and remand for a new sentencing, I respectfully dissent from the majority's opinion as to the scope of evidence permitted in a resentencing hearing on remand. This case of first impression presents the question of whether the circuit court may provide a statement of facts to a new impaneled jury in a resentencing hearing under Code § 19.2-295.1.

"An issue of statutory interpretation presents a pure question of law, which we review de novo on appeal." Young v. Commonwealth, 273 Va. 528, 533, 643 S.E.2d 491, 493 (2007) (citations omitted).

> Our duty is to interpret the intent of the General Assembly in adopting the language it chose. If the language is plain and unambiguous, there is no need for judicial construction; the language will be applied as written. Language is ambiguous if it admits of being understood in more than one way, refers to two or more things simultaneously, is difficult to comprehend, is of doubtful import, or lacks clearness and definiteness.

Gillespie v. Commonwealth, 272 Va. 753, 757-58, 636 S.E.2d 430, 432 (2006) (citations omitted) (superseded by statute on other grounds). "In ascertaining legislative intent, we presume that the General Assembly, when enacting new laws, is fully aware of the state of existing law relating to the same general subject matter." Id. at 758, 636 S.E.2d at 432 (citations omitted). In addition, "courts cannot, by judicial interpretation, add language to a statute that the General Assembly did not include in its enactment." Young, 273 Va. at 534, 643 S.E.2d at 494 (citations omitted).

Code § 19.2-295.1 provides, in pertinent part,

> In cases of trial by jury, upon a finding that the defendant is guilty of a felony . . . a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury. At such proceeding, the Commonwealth may present any victim impact testimony pursuant to § 19.2-295.3 and shall present the defendant's prior criminal history, including prior convictions

and the punishments imposed, by certified, attested or exemplified copies of the final order, including adult convictions and juvenile convictions and adjudications of delinquency. . . . After the Commonwealth has introduced in its case-in-chief of the sentencing phase such evidence of prior convictions or victim impact testimony, or both, or if no such evidence is introduced, the defendant may introduce relevant, admissible evidence related to punishment. Nothing in this section shall prevent the Commonwealth or the defendant from introducing relevant, admissible evidence in rebuttal.

\* \* \* \* \* \* \*

*If the sentence imposed pursuant to this section is subsequently set aside or found invalid solely due to an error in the sentencing proceeding, the court shall impanel a different jury to ascertain punishment*, unless the defendant, the attorney for the Commonwealth and the court agree, in the manner provided in § 19.2-257, that the court shall fix punishment.

(Emphasis added).

In looking at the plain language of the statute, the statute is not ambiguous as to what, if any, additional evidence may be presented to a new impaneled jury beyond the general provisions set forth in Code § 19.2-295.1. Simply put, nothing more is authorized under the statute. The statute's silence indicates the legislature's intent to limit the evidence presented in a non-capital resentencing hearing to the evidence that would be allowed in the original sentencing hearing.

Thus, as set forth in Code § 19.2-295.1, the Commonwealth can present in its case-in-chief victim impact testimony and the defendant's criminal history regardless of whether it is the same jury or a newly impaneled jury. The Commonwealth then is permitted to present additional relevant evidence only in rebuttal. Accordingly, nothing more is permitted unless the defendant introduced relevant, admissible evidence related to punishment in its case-in-chief.[5]

_____

[5] While the majority cites to several cases for the proposition that the Supreme Court has expressly permitted evidence from the guilt phase of the original trial to be admitted at resentencing, I disagree. The majority disregards the context of the Supreme Court's holdings as

Code § 19.2-295.1.  The defendant also is permitted to present relevant evidence in rebuttal to

the Commonwealth's evidence.  Id.  The statute makes no allowance for introduction of trial

exhibits or excerpts of testimony beyond that offered by the defendant or in rebuttal.

Instead of mirroring the capital murder sentence provision that permits presentation of

evidence "as to any matter which the court deems relevant to sentence," Code § 19.2-264.4(B),

the legislature chose to limit the evidence permitted in a non-capital sentencing hearing when it

enacted Code § 19.2-295.1.  Code § 19.2-295.1 does not authorize the presentation of any

---

well as the plain language of Code § 19.2-295.1, and therefore the cases are inapplicable to the present case.

 In Commonwealth v. Shifflett, 257 Va. 34, 42, 510 S.E.2d 232, 235 (1999), the Supreme Court specifically addressed "[t]he crucial question . . . [of] what did the General Assembly mean when it provided in Code § 19.2-295.1 that during the punishment phase of a bifurcated noncapital jury trial, where the defendant has been found guilty, 'the defendant may introduce relevant . . . evidence related to punishment'?"  The Supreme Court focused on the meaning of "relevant" evidence that a *defendant* can introduce at the punishment phase based on the language in Code § 19.2-295.1, and not on what other evidence can be admitted.  Thus, the Supreme Court's holding did not address the issue raised in the case at bar, and Shifflett is inapplicable to the present case.

 Similarly, in Hills v. Commonwealth, 262 Va. 807, 810-11, 553 S.E.2d 722, 724 (2001), the Supreme Court held that this Court properly remanded the case to the trial court only for a new sentencing hearing.  While the Supreme Court addressed what evidence is admissible in a resentencing hearing, it did so in the context of Hills's assertion regarding what evidence is "relevant" to sentencing.  Id. at 811, 553 S.E.2d at 724.  As noted above, "relevant" evidence is only pertinent when addressing the evidence the *defendant* presents, or the defendant and Commonwealth present in rebuttal.  Code § 19.2-295.1.  Thus, the majority's reliance on its assertion that the Supreme Court's holding in Hills stands for the broad proposition that evidence is admissible outside of the specific language of Code § 19.2-295.1 is misplaced.

 Even more curious is the majority's reliance on Fishback v. Commonwealth, 260 Va. 104, 532 S.E.2d 629 (2000), for the proposition that the Supreme Court has interpreted Code § 19.2-295.1 "to permit evidence of the circumstances surrounding the offense to be admitted at resentencing . . . ."  Fishback was "limited to the issue of whether the trial court erred in failing to instruct the jury on the abolition of parole . . ." in a non-capital case.  Id. at 108, 532 S.E.2d at 630.  In addressing this narrow issue, Fishback does not even mention Code § 19.2-295.1, but rather analyzes the issue in light of the judicial branch's function of the assessment of punishment in conjunction with the executive branch's responsibility of the administration of punishment.  The Supreme Court then concluded that a jury "should not be required to perform this critical and difficult responsibility [– i.e. determining a specific term of confinement within the permissible range –] without the benefit of all significant and appropriate information that would avoid the necessity that it speculate or act upon misconceptions *concerning the effect of its decision.*"  Id. at 113, 532 S.E.2d at 633 (emphasis added).

additional evidence for a new impaneled jury. See Gillespie, 272 Va. at 759, 636 S.E.2d at 432-33 (noting that the General Assembly was presumed to have been aware of the capital murder statutes and the cases construing them in effect in 1994 when it enacted Code § 19.2-295.1). Therefore, I "consider the General Assembly's departure from the language it had used in enacting the capital murder laws to be a significant demonstration of a legislative intent to accomplish a different result with respect to non-capital cases." Id. at 759, 636 S.E.2d at 433.

Accordingly, the General Assembly's election to use language differing from that used previously in the capital sentencing statute should not be interpreted as a legislative oversight that needs judicial redrafting to avoid a manifest absurdity. Rather, the plain, unambiguous language selected by the General Assembly provides a legitimate standard to be applied without judicial revision.

For these reasons, I would reverse and remand for a new sentencing hearing limited to the delineated evidence set forth in Code § 19.2-295.1.