BEALES, Judge.
Joseph Booker (appellant) was convicted of three counts of distribution of cocaine in 2003 in violation of Code § 18.2-248. After appellant’s sentence was vacated on appeal and the matter was remanded to the circuit court, a resentencing hearing was held for these convictions on July 8, 2010. On appeal, appellant argues that the circuit court erred at resentencing by reading the statement of facts to the resentencing jury, including a description of an April 26, 2003 conversation in that statement of facts. For the following reasons, we agree that the circuit court erred, and we reverse and remand for resentencing.
I. BACKGROUND
Appellant was tried by a jury in Amelia County Circuit Court in 2003. He was convicted of three counts of distribution of cocaine in violation of Code § 18.2-248, and sentenced to 12 years in prison on each conviction for a total sentence of 36 years. Appellant’s sentences were vacated on appeal by the Supreme Court of Virginia, and the case was remanded to the circuit court for a new sentencing hearing with a new jury. See Booker v. Commonwealth, 276 Va. 37, 661 S.E.2d 461 (2008).
After appellant’s case was remanded for resentencing, he filed a motion to limit the evidence the Commonwealth could present at the new sentencing hearing. He argued that Code § 19.2-295.1 allowed the Commonwealth to present in its case *38 in-chief at resentencing only the defendant’s prior criminal history and a victim impact statement. Thus, appellant argued that the Commonwealth could not present a summary of the evidence that had been heard in the guilt phase of the trial. The prosecutor argued that he was entitled to show the new sentencing jury the circumstances of the convictions so that they would not have “to operate in the complete dark.” The circuit court stated that “the jury cannot go blind” and had “to know what occurred.” The circuit court directed the Commonwealth to submit a proposed statement of facts and for the defendant to file a response. The circuit court also ruled that no live witnesses could be used in the Commonwealth’s case-in-chief at resentencing to present evidence from the guilt phase.
The Commonwealth’s statement of facts described the three drug transactions for which appellant was convicted and that took place between the defendant and the confidential informant on April 13, April 26, and May 3, 2003. A fourth incident alluded to in the statement of facts referred to another drug deal in which appellant indicates that he was cheated out of some of the money he was to be paid for the drugs. The information on this fourth drug transaction—for which appellant was never charged—came from a videotape of the April 26, 2003 transaction between appellant and the confidential informant, which had been played for the jury at the original trial.
The conversation between appellant and the confidential informant from the April 26, 2003 incident that was included in the statement of facts is at issue in appellant’s second assignment of error; it reads as follows:
The confidential informant ... drove to the ... residence on Lodore Road. Booker got into the confidential informant’s vehicle, drove down the road and back. There was a conversation between the confidential informant and Mr. Booker wherein Booker indicated that he was cheated on a drug deal by an individual. So he had to count the money the confidential informant gave him. Booker then stated he *39 counted the money because he was ripped off by this individual.
While expressly not waiving his objection to a summary of facts being given to the jury, appellant proposed the summary should contain only information about when and where each of the three cocaine sales occurred, and the amounts of money and cocaine involved. He proposed an alternative statement of facts that included only that information. Appellant specifically objected to the Commonwealth including information from the April 26, 2003 incident regarding a fourth drug sale. Appellant contended that the challenged evidence concerned unadjudicated, unrelated criminal acts that would not be admissible in the guilt phase of a trial.
The circuit court prepared a statement of facts, which included information taken from the Commonwealth’s and appellant’s proposed statements of facts. Before the resentencing hearing began on July 8, 2010, appellant renewed his objection that Code § 19.2-295.1 did not allow the use of a statement of facts. He objected again to the inclusion of the April 26, 2003 conversation between appellant and the informant.
The circuit court judge read the statement of facts to the jury. The Commonwealth then introduced appellant’s prior convictions for shooting into an occupied dwelling and assault and battery. Appellant presented no evidence. The jury was instructed that the sentencing range for each conviction was five to forty years and a fine of not more than $500,000. Appellant argued that the minimum five-year sentence on each conviction was appropriate, and the Commonwealth asked the jury to impose fifteen years on each conviction. The jury sentenced appellant on the three convictions for distributing cocaine to five years for the first conviction (the minimum sentence under the statute), seven years for the second conviction, and eight years for the third conviction, for a total of twenty years.
*40 II. ANALYSIS
A. Standard of Review
The facts are considered in the light most favorable to the Commonwealth, which prevailed below. See Giles v. Commonwealth, 277 Va. 369, 373, 672 S.E.2d 879, 882 (2009). Decisions involving the admission of evidence are reviewed on appeal for abuse of discretion by the trial court. See Jones v. Commonwealth, 50 Va.App. 437, 445, 650 S.E.2d 859, 863 (2007). The trial court’s ruling concerning the admissibility of evidence will not be disturbed on appeal in the absence of an abuse of discretion. Id. at 446, 650 S.E.2d at 863.
As both the Supreme Court of the United States and the Supreme Court of Virginia have explained, a trial court “ ‘by definition abuses its discretion when it makes an error of law.... The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions.’ ” Porter v. Commonwealth, 276 Va. 203, 260, 661 S.E.2d 415, 445 (2008) (quoting Koon v. United States, 518 U.S. 81, 100, 116 S.Ct. 2035, 2048, 135 L.Ed.2d 392 (1996)).
B. The Circuit Court’s Abuse of Discretion in Reading the New Statement of Facts, Including a Summary of the April 26, 2003 Conversation, to the Resentencing Jury
On appeal, appellant argues that the circuit court erred by presenting at resentencing the statement of facts that included a description of an April 26, 2003 conversation between appellant and a confidential informant, the summary of which in the statement of facts had not been presented to the previous sentencing jury. Relying on Code § 19.2-295.1 and the Supreme Court of Virginia’s interpretation of Code § 19.2-295.1 in Hills v. Commonwealth, 262 Va. 807, 811, 553 S.E.2d 722, 724 (2001), we agree.[1]
*41 At resentencing, the circuit court judge compiled a statement of facts and read it to the resentencing jury. The statement of facts was not admitted at the original trial. It was created entirely by the circuit court judge (with input from the Commonwealth’s attorney and defense attorney) and entirely for the resentencing. The statement of facts included the circuit court judge’s summary of an April 26, 2003 incident, in which appellant allegedly sold .380 gram of cocaine to a confidential informant for $100:
The confidential informant ... drove to the ... residence on Lodore Road. Booker got into the confidential informant’s vehicle, drove down the road and back. There was a conversation between the confidential informant and Mr. Booker wherein Booker indicated that he was cheated on a drug deal by an individual. So he had to count the money the confidential informant gave him. Booker then stated he counted the money because he was ripped off by this individual.
Code § 19.2-295.1 governs sentencing proceedings by the jury after conviction and states:
In cases of trial by jury, upon a finding that the defendant is guilty of a felony or a Class 1 misdemeanor, or upon a finding in the trial de novo of an appealed misdemeanor conviction that the defendant is guilty of a Class 1 misdemeanor, a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury. At such proceeding, the Commonwealth may present any victim impact testimony pursuant to § 19.2-295.3 and shall present the defendant’s prior criminal history, including prior convictions and the punishments imposed, by certified, attested or exemplified copies of the final order, including adult convictions and juvenile convictions and adjudications of delinquency. Prior convictions shall include convictions and adjudications of delinquency under the laws of any state, the District of Columbia, the *42 United States or its territories. The Commonwealth shall provide to the defendant 14 days prior to trial notice of its intention to introduce copies of final orders evidencing the defendant’s prior criminal history, including prior convictions and punishments imposed. Such notice shall include (i) the date of each prior conviction, (ii) the name and jurisdiction of the court where each prior conviction was had, (iii) each offense of which he was convicted, and (iv) the punishment imposed. Prior to commencement of the trial, the Commonwealth shall provide to the defendant photocopies of certified copies of the final orders which it intends to introduce at sentencing. After the Commonwealth has introduced in its case-in-chief of the sentencing phase such evidence of prior convictions or victim impact testimony, or both, or if no such evidence is introduced, the defendant may introduce relevant, admissible evidence related to punishment. Nothing in this section shall prevent the Commonwealth or the defendant from introducing relevant, admissible evidence in rebuttal.
“An issue of statutory interpretation is a pure question of law which we review de novo.” Kozmina v. Commonwealth, 281 Va. 347, 349, 706 S.E.2d 860, 862 (2011) (citing Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007)).
When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature’s intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity. If a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute.
Id. at 349-50, 706 S.E.2d at 862 (citations omitted).
Code § 19.2-295.1 is procedural in nature, Lebedun v. Commonwealth, 27 Va.App. 697, 717, 501 S.E.2d 427, 437 (1998), and has been interpreted by the Supreme Court of Virginia to permit evidence of the circumstances surrounding the offense *43 to be admitted at resentencing. See Hills, 262 Va. at 811, 553 S.E.2d at 724. Normally, a sentencing jury is very aware of the circumstances of the offense because those same jurors have heard such evidence during the guilt phase of the trial. See Sheikh v. Buckingham Corr. Ctr., 264 Va. 558, 566, 570 S.E.2d 785, 789 (2002) (noting that “the evidence and argument that had been presented to the jury in the guilt phase was still fresh in the jurors’ minds” during the sentencing phase). A resentencing jury, of course, has not heard any of the evidence presented at trial. In order for a resentencing jury to do its job intelligently, it certainly must have before it enough information so that this newly impaneled jury does not blindly sentence a defendant. The Supreme Court of Virginia has stated in a different context that a jury must be afforded “the benefit of all significant and appropriate information” when determining a defendant’s sentence, as “a properly informed jury ensures a fair trial both to the defendant and the Commonwealth.” Fishback v. Commonwealth, 260 Va. 104, 113, 532 S.E.2d 629, 632 (2000). As a properly informed jury is also necessary for resentencing, it is appropriate for a circuit court to permit a resentencing jury to hear the same evidence, to which the original sentencing jury was privy through the evidence admitted at trial.
We certainly disagree with the concurring/dissenting opinion’s conclusion that claims we believe the General Assembly somehow made “a legislative oversight” in drafting Code § 19.2-295.1 and that, consequently, we are judicially redrafting the statute to fix that “oversight.” On the contrary, our decision is based on the plain language of Code § 19.2-295.1. Interpreting the statute otherwise would be to leave the resentencing jury in the dark on many of the most basic relevant facts surrounding the case and then expect that jury to impose a fair sentence, which would essentially “result in a manifest absurdity”—a result that the legislature clearly did not intend. Kozmina, 281 Va. at 349-50, 706 S.E.2d at 862 (citing Conyers, 273 Va. at 104, 639 S.E.2d at 178). Furthermore, our decision is bound by the Supreme Court of Virginia’s interpretation of the statute in Hills, 262 Va. at 811, 553 *44 S.E.2d at 724. See Roane v. Roane, 12 Va.App. 989, 993, 407 S.E.2d 698, 700 (1991) (noting that we are bound by the Supreme Court’s decisions).
Indeed, the Supreme Court of Virginia expressly permitted evidence from the guilt phase of the original trial to be admitted at resentencing in Hills, which states:
At a resentencing hearing “the physical evidence admitted and marked as exhibits in the first trial may be considered, so much of the transcript of the testimony and proceedings in the first trial as may be necessary to show the nature of the offense charged and the circumstances under which it was committed may be read in open court, and such additional evidence as may be competent and relevant to the issue of punishment may be adduced.”
262 Va. at 811, 553 S.E.2d at 724 (emphasis added).[2] See Commonwealth v. Shifflett, 257 Va. 34, 43, 510 S.E.2d 232, 236 (1999)[3] (supporting the principle that evidence of the facts and circumstances surrounding an offense are admissible at resentencing).
*45 In light of the Supreme Court’s express holding in Hills, and the fact that a resentencing jury needs some overall context from which to make an intelligent decision, it is clear that Code § 19.2-295.1 permits at a resentencing hearing evidence from the original trial “as may be necessary to show the nature of the offense charged and the circumstances under which” the offense was committed. Hills, 262 Va. at 811, 553 S.E.2d at 724.
However, here we do not have admissible evidence from the original trial. Instead, we have a statement of facts—which was not admitted at trial and is the result of the circuit court judge’s own interpretation of the evidence presented at trial. Absent agreement of the parties, Hills simply does not permit the reading of a statement of facts to the resentencing jury—when the original jury did not have before it that same statement of facts.[4] While the Supreme Court expressly permits the introduction of evidence from the first trial “as may be necessary to show the nature of the offense charged and the circumstances under which it was committed,” id., we hold that such evidence must be the same evidence as was presented at trial—unless the parties and the circuit court agree to a different procedure, which, of course, did not happen here. Here, Hills permits the admission at resentencing of a transcript of the evidence at trial, a videotape of the April 26, 2003 incident, and any other evidence that was presented at the original trial. However, a judge’s own interpretation of that evidence—in the form of a statement of facts newly created for a resentencing jury—is not admissible at resentencing (absent agreement of the parties).
III. CONCLUSION
Code § 19.2-295.1 and the Supreme Court of Virginia’s interpretation of Code § 19.2-295.1 in Hills do not permit a statement or summary of facts, which had not been admitted *46 at the original trial, to be admitted at resentencing before an entirely different jury without the agreement of the parties and the circuit court. Id. Thus, it was an abuse of discretion for the circuit court judge to admit the statement of facts here by reading it to the resentencing jury. See Jones, 50 Va.App. at 445, 650 S.E.2d at 863.
The circuit court abused its discretion “ ‘when it ma[de] an error of law’ ” by admitting the statement of facts (including the April 26, 2003 incident). Porter, 276 Va. at 260, 661 S.E.2d at 445 (quoting Koon, 518 U.S. at 100, 116 S.Ct. at 2047). The decision to do so was “guided by [the] erroneous legal conclusion” that a statement of facts that was not presented at the original trial is admissible at resentencing. Id. As required by Code § 19.2-295.1 and the Supreme Court of Virginia’s interpretation of Code § 19.2-295.1 in Hills, a resentencing jury can hear evidence “as may be necessary to show the nature of the offense charged and the circumstances under which it was committed” only when such evidence has already been presented at the original trial. Hills, 262 Va. at 811, 553 S.E.2d at 724. Therefore, the circuit court judge erred when he read to the resentencing jury the statement of facts that he had created to describe what occurred at the original trial but that was, of course, not available to the original jury.
Accordingly, for the foregoing reasons, we reverse and remand to the circuit court for resentencing consistent with this opinion.

Reversed and remanded.

. Appellant also argues that Code § 19.2-295.1 permits the Commonwealth to introduce at a resentencing hearing additional evidence beyond a victim impact statement and the defendant’s prior criminal history only as rebuttal evidence after the defendant introduces his or her own evidence at the resentencing hearing. Because this Court is *41 bound by the Supreme Court’s holding in Hills and given the basis of our decision here, we need not address this argument on appeal.

. In Hills, the Supreme Court concluded that when looking to Code § 19.2-295.1, Hills was not entitled to a new trial when an error under Fishback, 260 Va. at 115, 532 S.E.2d at 634, occurred, i.e. when the trial court failed to instruct the jury on the abolition of parole for non-capital felony offenses committed on and after January 1, 1995. Hills, 262 Va. at 812, 553 S.E.2d at 725. (Hills had argued he was entitled to a new trial "because all of the evidence introduced at trial is relevant to sentencing." Id. at 810, 553 S.E.2d at 724). The Supreme Court concluded that "the Court of Appeals correctly remanded Hills’ case to the trial court only for a new sentencing hearing"—instead of a new trial. Id. at 811, 553 S.E.2d at 724.

. In Shifflett, 257 Va. at 43, 510 S.E.2d at 236, the Supreme Court stated:
We perceive no sound reason why the factors that may be considered by a jury in capital murder cases should not likewise be available for consideration by a jury in noncapital cases under § 19.2-295.1. The goal of having an informed jury assess appropriate punishment should be no less essential merely because a noncapital offense is involved.
Id. (Code § 19.2-264.4 (the capital sentencing statute) expressly provides for the admissibility of evidence at sentencing regarding "the circumstances surrounding the offense.").

. The Court cannot conclude that the circuit court’s error in this manner was harmless under the facts of this particular case.