HUFF, J.,
concurring, in part, and dissenting, in part.
While I concur in the majority opinion’s reversal and remand for a new sentencing, I respectfully dissent from the majority’s opinion as to the scope of evidence permitted in a resentencing hearing on remand. This case of first impression presents the question of whether the circuit court may provide a statement of facts to a new impaneled jury in a resentencing hearing under Code § 19.2-295.1.
*47 “An issue of statutory interpretation presents a pure question of law, which we review de novo on appeal.” Young v. Commonwealth, 273 Va. 528, 533, 643 S.E.2d 491, 493 (2007) (citations omitted).
Our duty is to interpret the intent of the General Assembly in adopting the language it chose. If the language is plain and unambiguous, there is no need for judicial construction; the language will be applied as written. Language is ambiguous if it admits of being understood in more than one way, refers to two or more things simultaneously, is difficult to comprehend, is of doubtful import, or lacks clearness and definiteness.
Gillespie v. Commonwealth, 272 Va. 753, 757-58, 636 S.E.2d 430, 432 (2006) (citations omitted) (superseded by statute on other grounds). “In ascertaining legislative intent, we presume that the General Assembly, when enacting new laws, is fully aware of the state of existing law relating to the same general subject matter.” Id. at 758, 636 S.E.2d at 432 (citations omitted). In addition, “courts cannot, by judicial interpretation, add language to a statute that the General Assembly did not include in its enactment.” Young, 273 Va. at 534, 643 S.E.2d at 494 (citations omitted).
Code § 19.2-295.1 provides, in pertinent part,
In cases of trial by jury, upon a finding that the defendant is guilty of a felony ... a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury. At such proceeding, the Commonwealth may present any victim impact testimony pursuant to § 19.2-295.3 and shall present the defendant’s prior criminal history, including prior convictions and the punishments imposed, by certified, attested or exemplified copies of the final order, including adult convictions and juvenile convictions and adjudications of delinquency.... After the Commonwealth has introduced in its case-in-chief of the sentencing phase such evidence of prior convictions or victim impact testimony, or both, or if no such evidence is introduced, the defendant may introduce relevant, admissible evidence related to punishment. Nothing in this section *48 shall prevent the Commonwealth or the defendant from introducing relevant, admissible evidence in rebuttal.
******
If the sentence imposed pursuant to this section is subsequently set aside or found invalid solely due to an error in the sentencing proceeding, the court shall impanel a different jury to ascertain punishment, unless the defendant, the attorney for the Commonwealth and the court agree, in the manner provided in § 19.2-257, that the court shall fix punishment.
(Emphasis added).
In looking at the plain language of the statute, the statute is not ambiguous as to what, if any, additional evidence may be presented to a new impaneled jury beyond the general provisions set forth in Code § 19.2-295.1. Simply put, nothing more is authorized under the statute. The statute’s silence indicates the legislature’s intent to limit the evidence presented in a non-capital resentencing hearing to the evidence that would be allowed in the original sentencing hearing.
Thus, as set forth in Code § 19.2-295.1, the Commonwealth can present in its case-in-chief victim impact testimony and the defendant’s criminal history regardless of whether it is the same jury or a newly impaneled jury. The Commonwealth then is permitted to present additional relevant evidence only in rebuttal. Accordingly, nothing more is permitted unless the defendant introduced relevant, admissible evidence related to punishment in its case-in-chief.[5] Code § 19.2-295.1. The *49 defendant also is permitted to present relevant evidence in rebuttal to the Commonwealth’s evidence. Id. The statute makes no allowance for introduction of trial exhibits or excerpts of testimony beyond that offered by the defendant or in rebuttal.
Instead of mirroring the capital murder sentence provision that permits presentation of evidence “as to any matter which the court deems relevant to sentence,” Code § 19.2-264.4(B), the legislature chose to limit the evidence permitted in a non- *50 capital sentencing hearing when it enacted Code § 19.2-295.1. Code § 19.2-295.1 does not authorize the presentation of any additional evidence for a new impaneled jury. See Gillespie, 272 Va. at 759, 636 S.E.2d at 432-33 (noting that the General Assembly was presumed to have been aware of the capital murder statutes and the cases construing them in effect in 1994 when it enacted Code § 19.2-295.1). Therefore, I “consider the General Assembly’s departure from the language it had used in enacting the capital murder laws to be a significant demonstration of a legislative intent to accomplish a different result with respect to non-capital cases.” Id. at 759, 636 S.E.2d at 433.
Accordingly, the General Assembly’s election to use language differing from that used previously in the capital sentencing statute should not be interpreted as a legislative oversight that needs judicial redrafting to avoid a manifest absurdity. Rather, the plain, unambiguous language selected by the General Assembly provides a legitimate standard to be applied without judicial revision.
For these reasons, I would reverse and remand for a new sentencing hearing limited to the delineated evidence set forth in Code § 19.2-295.1.

. While the majority cites to several cases for the proposition that the Supreme Court has expressly permitted evidence from the guilt phase of the original trial to be admitted at resentencing, I disagree. The majority disregards the context of the Supreme Court’s holdings as well as the plain language of Code § 19.2-295.1, and therefore the cases are inapplicable to the present case.
In Commonwealth v. Shifflett, 257 Va. 34, 42, 510 S.E.2d 232, 235 (1999), the Supreme Court specifically addressed "[t]he crucial question ... [of] what did the General Assembly mean when it provided in Code § 19.2-295.1 that during the punishment phase of a bifurcated noncapital jury trial, where the defendant has been found guilty, 'the *49 defendant may introduce relevant ... evidence related to punishment’?" The Supreme Court focused on the meaning of “relevant” evidence that a defendant can introduce at the punishment phase based on the language in Code § 19.2-295.1, and not on what other evidence can be admitted. Thus, the Supreme Court’s holding did not address the issue raised in the case at bar, and Shifflett is inapplicable to the present case.
Similarly, in Hills v. Commonwealth, 262 Va. 807, 810-11, 553 S.E.2d 722, 724 (2001), the Supreme Court held that this Court properly remanded the case to the trial court only for a new sentencing hearing. While the Supreme Court addressed what evidence is admissible in a resentencing hearing, it did so in the context of Hills’s assertion regarding what evidence is "relevant” to sentencing. Id. at 811, 553 S.E.2d at 724. As noted above, "relevant” evidence is only pertinent when addressing the evidence the defendant presents, or the defendant and Commonwealth present in rebuttal. Code § 19.2-295.1. Thus, the majority’s reliance on its assertion that the Supreme Court’s holding in Hills stands for the broad proposition that evidence is admissible outside of the specific language of Code § 19.2-295.1 is misplaced.
Even more curious is the majority’s reliance on Fishback v. Commonwealth, 260 Va. 104, 532 S.E.2d 629 (2000), for the proposition that the Supreme Court has interpreted Code § 19.2-295.1 "to permit evidence of the circumstances surrounding the offense to be admitted at resentencing. ...” Fishback was "limited to the issue of whether the trial court erred in failing to instruct the jury on the abolition of parole ...” in a non-capital case. Id. at 108, 532 S.E.2d at 630. In addressing this narrow issue, Fishback does not even mention Code § 19.2-295.1, but rather analyzes the issue in light of the judicial branch’s function of the assessment of punishment in conjunction with the executive branch's responsibility of the administration of punishment. The Supreme Court then concluded that a jury "should not be required to perform this critical and difficult responsibility [—i.e. determining a specific term of confinement within the permissible range—] without the benefit of all significant and appropriate information that would avoid the necessity that it speculate or act upon misconceptions concerning the effect of its decision.” Id. at 113, 532 S.E.2d at 633 (emphasis added).