COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Humphreys
Argued by teleconference


MARK VAN KERSEY

MEMORANDUM OPINION[*] BY
v.      Record No. 2567-10-1             JUDGE LARRY G. ELDER
                                        JULY 10, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Louis A. Sherman, Judge

Afshin Farashashi (Afshin Farashashi, P.C., on brief), for appellant.

Rosemary V. Bourne, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Mark Van Kersey appeals his jury conviction for aggravated malicious wounding under

Code § 18.2-51.2.  He contends the evidence was insufficient to support his conviction because

the Commonwealth failed to prove that the victim's injury was permanent or significant.

Because the Commonwealth presented evidence sufficient to prove that the victim's physical

impairment was permanent and significant, we affirm.

I.

BACKGROUND

"When the sufficiency of the evidence is challenged on appeal, the court views the

evidence in the light most favorable to the prevailing party and draws all reasonable inferences in

its favor."  Holcomb v. Commonwealth, 58 Va. App. 339, 345, 709 S.E.2d 711, 714 (2011).

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

This case arises from an altercation that ended in the death of Lemar Woodard and injury of Brandon Franklin.

On July 21, 2009, appellant and another man arrived at Woodard's house to continue an earlier disagreement between Woodard and appellant's wife, that culminated in appellant attacking Woodard. Appellant stabbed Franklin in the chest, and then Woodard.

Ambulances rushed Woodard and Franklin to the hospital. Woodard died as a result of his injuries, but Franklin survived. Franklin was hospitalized for eleven days. His lung healed slowly, and two weeks after the injury, he was able to walk up stairs.

Franklin testified at the June 14, 2010 trial. He showed the jury his scar on his chest from the stab wound. The scar was almost an inch long.

Before the stabbing, Franklin was in very good physical shape. Franklin testified that he continued to use a machine for treatment called a "nebulizer." He used it to "make sure [he was] well above what I was in the hospital." He described the machine:

> It's not like metal, or it's a plastic machine with a smiley face and a frowny face on it. It's got a hose, a mouthpiece connected, and you inhale at a certain pace, not too hard and not too light, and maintain that certain pace if you can. And the top score is, like, 5,000 I think.

The Commonwealth's attorney questioned Franklin about this machine:

> Q. What were your readings?
>
> A. First time I did it, I barely got 1,000. That was the day of the stabbing. Then as I was leaving, I was getting 2,500. Last time I used it, I got 3,500 or something.

Twenty-one years old at the time of the trial, Franklin testified, "I don't make excuses. I'm running a lot of miles a day. I'm good." Franklin described himself as "fine," and his lung as "fine."

After the close of the Commonwealth's evidence, appellant moved to strike the charge of aggravated malicious wounding, arguing that Franklin's testimony had not shown that his injury continued to affect his mobility or physical function. The trial court denied the motion, stating that whether Franklin's injury was a permanent and significant physical impairment was a question for the jury.

After presenting evidence in his defense, appellant renewed the motion to strike the charge. Appellant conceded at trial that Franklin's injury was severe, but again argued that the evidence had not proven that Franklin suffered a permanent or significant physical impairment. The trial court again denied the motion, citing Franklin's scar, the severity of his injury, and his continued use of the nebulizer-type machine for treatment.

The jury found appellant guilty of first-degree murder for the death of Woodard and aggravated malicious wounding for the assault on Franklin. The trial court sentenced appellant in accordance with the jury's recommendation to a total incarceration period of seventy years.

Appellant appeals his conviction for aggravated malicious wounding.

II.

ANALYSIS

Appellant contends the evidence was insufficient to support his conviction for aggravated malicious wounding because the Commonwealth failed to prove that Franklin's impairment was either permanent or significant. The Commonwealth responds that the evidence was sufficient to support the appellant's conviction in light of Franklin's length of hospitalization, scar at the time of trial, and continued treatment for his lungs.

An aggravated malicious wounding occurs "[i]f any person maliciously shoots, stabs, cuts or wounds any other person, or by any means causes bodily injury, with the intent to maim,

disfigure or kill, . . . if the victim is thereby severely injured and is caused to suffer permanent and significant physical impairment." Code § 18.2-51.2(A).

Under Code § 18.2-51.2, a "physical impairment" is "'any physical condition, anatomic loss, or cosmetic disfigurement.'" Lamm v. Commonwealth, 55 Va. App. 637, 644, 688 S.E.2d 295, 298 (2010) (quoting Newton v. Commonwealth, 21 Va. App. 86, 90, 462 S.E.2d 117, 119 (1995)). Under the plain language of the statute, the physical impairment must be permanent *and* significant. See Kozmina v. Commonwealth, 281 Va. 347, 349, 706 S.E.2d 860, 862 (2011) ("'When the language of a statute is unambiguous, we are bound by the plain meaning of that language.'" (quoting Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007))).

Franklin's injury was severe, resulting in hospitalization for eleven days and a prolonged recovery. His scar on his chest was visible at the trial, almost a year after appellant wounded him. Franklin continued to use a machine to treat his lungs. Further, his relatively low score from the machine indicated that he suffered lasting damage. This evidence supported the jury's finding that Franklin's physical impairment was permanent and significant. See Lamm, 55 Va. App. at 644, 688 S.E.2d at 299.

Franklin's testimony that he was "fine," that his lung was "fine," and that he ran "miles" every day does not undermine the jury's finding. It was within the jury's province as fact finder to evaluate Franklin's credibility. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2008). The trier of fact is not required to accept a party's evidence in its entirety, Barrett v. Commonwealth, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986), but is free to believe and disbelieve in part or in whole the testimony of any witness, Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991). The jury was entitled to discount Franklin's testimony that he was "fine" as the bravado of a twenty-one year old.

For these reasons, we find the evidence was sufficient to support his conviction for aggravated malicious wounding.

III.

In sum, the Commonwealth presented sufficient evidence upon which a fact finder could conclude that Franklin's injury caused a permanent and significant physical impairment. For these reasons, we affirm.

<u>Affirmed.</u>