COURT OF APPEALS OF VIRGINIA

Present:    Judges Elder, Beales and Senior Judge Willis
Argued by teleconference

**PUBLISHED**

DEJUAN HODGINS

v.       Record No. 0899-11-3

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE RANDOLPH A. BEALES
NOVEMBER 6, 2012

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
James V. Lane, Judge

Bruce D. Albertson for appellant.

Steven A. Witmer, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Dejuan Hodgins (appellant) argues that the Circuit Court of Rockingham County (the

trial court) "did not have jurisdiction to revoke" his suspended sentence on April 6, 2011 because

he "had not begun his probation and had not begun the suspended portion of his sentence" when

he committed new criminal offenses that served as the basis for the April 6, 2011 order of

revocation.  For the following reasons, we disagree with appellant's argument and affirm the trial

court's revocation of appellant's suspended sentence.

I. BACKGROUND

Appellant was sentenced by the trial court on December 9, 1998 for the following

convictions:  eight counts of forgery, one count of credit card theft, and one count of uttering.

Appellant was sentenced to one year of imprisonment for each of the eight counts of forgery for

a total of eight years imprisonment – with six of those eight years suspended (and four years of

probation).  For the one count of credit card theft, appellant was sentenced to one year of

imprisonment, all of which was suspended. For the one count of uttering, appellant was sentenced to one year of imprisonment, all of which was suspended.

On May 7, 1999 he was again sentenced by the trial court on two new counts of uttering – for which he was sentenced to three years of imprisonment for each count of uttering – for a total of six years of imprisonment, which were all suspended. Thus, appellant then had a total of 14 years of suspended time.

Appellant was found in violation of the terms of his probation on August 30, 2002, November 15, 2002 and September 5, 2008. Concerning the September 2008 probation violation, the sentencing summary from the trial court's September 22, 2008 order states that the total sentence revoked at that time from the 1998 convictions was eight years – with a two-year active sentence imposed and *the remaining six years suspended*.[1]

Appellant was actually authorized to participate in a work release program during the active portion of this sentence.[2] While serving on work release, appellant was charged and later convicted in the Circuit Court of Augusta County with forgery and with uttering.

Appellant's probation officer wrote a letter on June 8, 2010 to the Rockingham County Commonwealth's Attorney requesting that a violation hearing be scheduled due to his arrest on new felony offenses that occurred while appellant was incarcerated and on work release. On June 23, 2010, the Circuit Court of Rockingham County issued a capias for appellant's arrest, and appellant was arrested on January 5, 2011. The hearing was continued until March 8, 2011.

---

[1] Specifically, the trial court ordered: "The execution of the one (1) year sentence revoked under the Indictments, Docket nos. 20730, 20740, 20742, 20747, 20753, and 20906 are resuspended and the defendant is recommitted to supervised probation, upon his release."

[2] The trial court entered an order on March 23, 2009, *nunc pro tunc* to September 22, 2008, which allowed appellant to participate in a work release program during the active portion of this sentence.

Arguments were presented on March 8, March 15, and April 1. Appellant argued at the March 8 hearing:

> The reason for my motion to strike is he wasn't at that point serving his suspended sentence, so the condition of good behavior of the suspended sentence was not applicable. And he was not on probation. Again, he was on the active portion of his sentence when this occurred. My argument to the Court is that the Court can't revoke his suspended sentence which he's not yet started. The Court can't revoke for a probation period that he has not yet started. Really at this point he has to be punished for the underlying charge, which he has been, and the facility can determine not to give him good time credit. So I'd argue that there is nothing to be revoked at this stage.

The Commonwealth's attorney argued in response:

> I would say though that implicit in the Court's order as far as the disposition of the original cases and any consideration for his probation would be a term of good behavior for the entire time, and that began the moment that the Court issued its original order in the matter. Mr. Hodgins has been afforded several opportunities as this series of cases has progressed. This would be his fourth probation violation and we feel like that while on his work release and during his work release privileges committing these new offenses certainly warrants the Court taking a look at a violation of his probation.

In a March 16, 2011 letter opinion, the trial court judge denied appellant's motion to strike, and found that Code §19.2-306 gave him the authority to revoke the remaining six years of appellant's previously suspended sentence. The letter opinion reads in pertinent part:

> Virginia Code Section 19.2-306 states that "the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Since the Court re-suspended 20730, 20740, 20742, 20747, 20753, and 20906 [all referencing the 1998 convictions] in its Re-suspension Order dated September 22, 2008 for a period of two years supervised probation upon Defendant's release, these offenses remain subject to revocation as of the offense date June 8, 2010. See Keene v. Commonwealth 2003 Va. App. LEXIS 679. Therefore, this Court retains jurisdiction and may revoke the suspended time remaining on 20730, 20740, 20742, 20747, 20753, and 20906.

On April 6, 2011, the trial court entered its revocation order. It is from this order that appellant now appeals. The April 6, 2011 order states: "After hearing further evidence and

arguments of counsel, the Court revoked one (1) of the suspension of the following offenses, for a total of six (6) years revoked." This order concludes with a sentencing summary, indicating that the total sentence imposed is six years, the total sentence suspended is "none," and the total sentence to serve in active incarceration is six years.

## II. ANALYSIS

On appeal, appellant's argument requires that this Court examine the terms of the September 22, 2008 order, and the trial court's authority to revoke appellant's suspended sentence under Code § 19.2-306, which states:

> A. In any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or *within the period of suspension fixed by the court*. If neither a probation period nor a period of suspension was fixed by the court, then the court may revoke the suspension for any cause the court deems sufficient that occurred within the maximum period for which the defendant might originally have been sentenced to be imprisoned.

(Emphasis added).

The question of the authority of the trial court to revoke appellant's suspended sentence is one of statutory interpretation and presents a pure question of law, which this Court reviews *de novo*. Booker v. Commonwealth, 60 Va. App. 35, 42, 723 S.E.2d 621, 624 (2012) (citing Kozmina v. Commonwealth, 281 Va. 347, 349, 706 S.E.2d 860, 862 (2011)).

Appellant argues that the trial court's finding that appellant violated his supervised probation (see March 16, 2011 letter opinion and the April 6, 2011 order) was limited by the terms of the September 22, 2008 order, which he interprets as only putting appellant on a period of suspension and supervised probation "*upon his release*." (Emphasis added). Appellant emphasizes the fact that he was serving the *active* portion of his sentence when he committed the offenses that instituted the violation proceeding, which resulted in the April 6, 2011 revocation

- 4 -

order from which this appeal arose. Appellant argues that, under the trial court's order entered on September 22, 2008, he only would begin his suspended sentence and probation "*upon his release*," and, therefore, would not fall "within the period of suspension fixed by the court" under Code § 19.2-306. (Emphasis added). The September 22, 2008 order states: "The execution of the one (1) year sentence revoked under the Indictments, Docket nos. 20730, 20740, 20742, 20747, 20753, and 20906 are resuspended and the defendant is recommitted to supervised probation, upon his release." Based on appellant's reading of the trial court's September 22, 2008 order, he asserts that Code § 19.2-306 did not authorize any revocation of a suspended sentence while appellant was solely serving an active sentence. Accordingly, appellant argues that, because he had not been released from incarceration as of the date of his offenses that prompted the revocation on April 6, 2011, the trial court did not have authority under Code § 19.2-306 to revoke the suspended sentence or find a violation of the terms of probation – both of which, he claims, had not yet begun.

The trial court already considered this argument when it heard it at the hearing which began on March 8, 2011, and implicitly rejected it in its March 16, 2011 letter opinion.[3] "A court speaks through its orders and those orders are presumed to accurately reflect what transpired." McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997). Trial

---

[3] The March 16, 2011 letter opinion reads in pertinent part:

> Virginia Code Section 19.2-306 states that "the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Since the Court re-suspended 20730, 20740, 20742, 20747, 20753, and 20906 [all referencing the 1998 convictions] in its Re-suspension Order dated September 22, 2008 for a period of two years supervised probation upon Defendant's release, these offenses remain subject to revocation as of the offense date June 8, 2010. See Keene v. Commonwealth 2003 Va. App. LEXIS 679. Therefore, this Court retains jurisdiction and may revoke the suspended time remaining on 20730, 20740, 20742, 20747, 20753, and 20906.

courts "have the authority to interpret their own orders." Fredericksburg Constr. Co., Inc. v. J.W. Wyne Excavating, Inc., 260 Va. 137, 144, 530 S.E.2d 148, 152 (2000). When examining a lower court's order on appeal, we "give deference to the interpretation adopted by the lower court." Id.

Thus, we defer to the trial court's interpretation of its own orders. We presume it knew what it meant in its sentencing summary of the September 22, 2008 order that states the total sentence imposed was eight years, the total sentence suspended was six years, and the total sentence to serve was two years. Significantly, the sentencing summary of the September 22, 2008 order does not state that the suspended sentence was conditioned "upon release." We also presume that the trial court knew what it meant in its sentencing summary of the April 6, 2011 order, indicating that the total sentence imposed is six years, the total sentence suspended is "none," and the total sentence to serve is six years. Based on the sentencing summary of the April 6, 2011 order, it is clear that the trial court intended to revoke the six-year suspended sentence that it had referenced in its September 22, 2008 order.

When read in their proper contexts, these sentencing summaries are clear. A plain reading of these sentencing summaries shows that the trial court intended to give appellant another chance on September 22, 2008, when it decided to re-suspend six years of the available eight-year suspended sentence still remaining from the December 1998 convictions. On April 6, 2011, the trial court then exercised its discretion to revoke *the remaining six-year suspended sentence* from these December 1998 convictions – after appellant was yet again found to have engaged in criminal activity.

Moreover, probationary statutes "obviously confer upon trial courts 'wide latitude' and much 'discretion in matters of suspension and probation . . . to provide a remedial tool . . . in the rehabilitation of criminals' and, to that end, 'should be liberally construed.'" Wright v.

- 6 -

Commonwealth, 32 Va. App. 148, 151, 526 S.E.2d 784, 786 (2000); see Coffey v.

Commonwealth, 209 Va. 760, 762, 167 S.E.2d 343, 345 (1969) (probation is the opportunity the

court offers a defendant to repent and reform).

Here, appellant was convicted of numerous crimes, came before the trial court repeatedly

for violations of his probation, and was repeatedly given the opportunity to correct his behavior.

Appellant chose not to do so. After more than ten years of the trial court's giving appellant

multiple chances to reform his behavior, appellant was brought back before the trial court yet

again with new convictions for crimes of moral turpitude, which were crimes very similar to his

underlying criminal offenses. At the final revocation hearing on April 1, 2011, the trial court

judge noted:

> [T]his is a case that has a very long history. It goes back to I
> believe 1998. There have been numerous attempts to move
> forward in the case. It's unfortunate, of course, that Mr. Hodgins
> is not taking advantage of those opportunities. There comes a
> point when you have a matter that is this old that I don't see a light
> at the end of the tunnel here.

Consequently, the trial court concluded that appellant was not a good candidate for reformation

through additional probation, and in its April 6, 2011 order, it revoked the remaining six years of

appellant's suspended sentence for the convictions imposed in 1998. It is common sense that,

when a defendant commits crimes while he or she is serving an active sentence – whether

actually incarcerated or, as in this case, while on work release – the defendant may be disciplined

through internal procedures in the prison, by criminal prosecution for those new crimes, *and*

through the appropriate revocation of a suspended sentence that may still exist for that defendant.

Appellant argues that good behavior is not required when serving the active portion of a

sentence – but instead that the requirement of good behavior only starts upon release. However,

the Supreme Court of Virginia has made clear that "the condition of good behavior is implicit in

every order suspending sentence," and that implicit condition attaches "'from the moment

- 7 -

following [the] pronouncement'" of a suspended sentence. Collins v. Commonwealth, 269 Va. 141, 146, 607 S.E.2d 719, 721 (2005) (quoting Coffey, 209 Va. at 762-63, 167 S.E.2d at 344-45). In addition, a condition of good behavior is implicit in every order suspending a sentence, "whether expressly so stated or not." Coffey, 209 Va. at 763, 167 S.E.2d at 345. Here, the trial court had ordered a six-year re-suspended sentence for the 1998 convictions, as the sentencing summary of the September 22, 2008 order reflects.

Accordingly, the trial court here revoked appellant's suspended sentence "within the period of suspension fixed by the court" under Code § 19.2-306. Because appellant's six-year suspended sentence was in effect from the time it was pronounced in September 2008, and because, as the Supreme Court stated in Collins, a condition of good behavior attached to that suspension from the moment of pronouncement, we hold that the trial court had the authority under Code § 19.2-306 to revoke appellant's suspended sentence for misconduct that occurred while he was serving time on work release. This holding is also consistent with the Supreme Court's holding that the "revocation of a suspended sentence lies in the discretion of the trial court and that this discretion is quite broad." Peyton v. Commonwealth, 268 Va. 503, 508, 604 S.E.2d 17, 19 (2004).

Further, if appellant's argument on appeal is taken to its logical conclusion, the result would essentially be to shield defendants who commit new crimes while actually incarcerated from the consequences of ever having any suspended sentences they also had incurred from being revoked because of their new crimes. This result is certainly contrary to the General Assembly's intent expressed in Code § 19.2-306. If trial courts cannot revoke suspended sentences of defendants who are serving active time, as appellant suggests, then those defendants are free to commit crimes while incarcerated without the consequence of revocation – regardless of the severity or frequency of those newly committed crimes. "'[A] statute should never be

construed so that it leads to absurd results.'" Auer v. Commonwealth, 46 Va. App. 637, 651, 621 S.E.2d 140, 147 (2005) (quoting Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992)).

The trial court here was appropriately exercising its broad discretion in revoking appellant's suspended sentence under Code § 19.2-306 after appellant *repeatedly* committed crimes, squandering his multiple opportunities to reform.

### III. CONCLUSION

Code § 19.2-306 permitted the trial court, in the exercise of its discretion, to revoke appellant's suspended sentence when appellant again failed to be of good behavior. Therefore, for the foregoing reasons, we affirm the trial court's revocation of appellant's suspended sentence.

Affirmed.