PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Judges Petty, Malveaux and Senior Judge Annunziata
Argued at Alexandria, Virginia

MICHAEL SEAN GREEN

OPINION BY
v.          Record No. 1338-17-4                    JUDGE WILLIAM G. PETTY
JULY 17, 2018

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Victoria A.B. Willis, Judge

Brian Carrico, Assistant Public Defender, for appellant.

Leah A. Darron, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


In 2017, Michael Sean Green was found in violation of the conditions of his suspended

sentence on a 1993 arson conviction.  The trial court revoked his nine-year suspended sentence.

On appeal, Green argues that the "[t]rial [c]ourt erred in finding that it had jurisdiction to revoke

Green's nine year suspended sentence relating to his 1993 arson conviction because that 10-year

period of suspension had expired."  For the reasons stated below, we agree and reverse the

judgment of the trial court.

BACKGROUND

"On appeal, we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom."  Wells v. Commonwealth, 65

Va. App. 722, 725, 781 S.E.2d 362, 364 (2016) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

On December 14, 1993, Green pleaded guilty to one count of felony arson pursuant to

Code § 18.2-81. The trial court sentenced Green to ten years of confinement with nine years

suspended "on the condition that the defendant keep the peace and be of good behavior and violate no criminal laws of the Commonwealth or of any other jurisdiction of the United States for a period of ten (10) years." The trial court further conditioned that "[u]pon the defendant's release from confinement, he is to be placed on active supervised probation under the Probation Officer of this [c]ourt for the term of suspension for a period of time deemed appropriate by the [c]ourt." Green was also required to pay restitution, court costs, and attorney's fees.

Prior to his release from confinement on the arson conviction, Green was convicted of unrelated offenses that he committed prior to December 14, 1993. Green was sentenced to a total of fifty-four years in prison. Green was eligible for parole, however, and was released from incarceration on November 7, 2014. He was on concurrent parole supervision for the unrelated offenses and supervised probation for the arson conviction. On June 8, 2015, a capias for violation of a probation order was issued for Green's arrest. The major violation report regarding his probation alleged that Green was in violation of his probation for events that occurred in May of 2015. The report alleged that he failed to report to his probation officer that he was charged with reckless driving, he admitted to being in possession of prohibited sexual video content, and he absconded.

Green was arrested, and he moved to dismiss the violation pursuant to Code § 19.2-306. The trial court denied Green's motion and ordered him to serve the remaining nine years of his suspended sentence on the arson conviction.

ANALYSIS

Green argues that the period of suspension on his arson conviction expired in 2003, when his period of good behavior concluded. Accordingly, Green argues that the trial court lacked

jurisdiction to revoke and impose the previously suspended portion of his sentence for violations that occurred after his release from prison in 2014.[1] We agree.

Generally, "[a]bsent an abuse of discretion, [this Court] will not reverse a trial court's revocation of a suspended sentence under Code § 19.2-306." Leitao v. Commonwealth, 39 Va. App. 435, 438, 573 S.E.2d 317, 319 (2002). However, the "*authority* of the trial court to revoke [an] appellant's suspended sentence is one of statutory interpretation and presents a pure question of law, which this Court reviews *de novo*." Wilson v. Commonwealth, 67 Va. App. 82, 88-89, 793 S.E.2d 15, 18 (2016) (alterations in original) (emphasis added) (quoting Hodgins v. Commonwealth, 61 Va. App. 102, 107, 733 S.E.2d 678, 680 (2012)).

Code § 19.2-303 provides, in pertinent part: "After conviction . . . the court may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the defendant on probation under such conditions as the court shall determine . . . ."

Code § 19.2-306 provides, in pertinent part:

> A.  In any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court.  If neither a probation period nor a period of suspension was fixed by the court, then the court may revoke the suspension for any cause the court deems sufficient that occurred within the maximum period for which the defendant might originally have been sentenced to be imprisoned.
>
>     . . . .
>
> C.  If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then:  (i) if the court originally suspended the imposition of sentence, the court shall revoke the suspension, and the court may pronounce

---

[1] By jurisdiction we assume Green is referring to the concept that "other conditions of fact must exist which are demanded by the unwritten or statute law as the prerequisites of the authority of the court to proceed to judgment or decree." Porter v. Commonwealth, 276 Va. 203, 228, 661 S.E.2d 415, 426 (2008) (quoting Farant Inv. Corp. v. Francis, 138 Va. 417, 427-28, 122 S.E. 141, 144 (1924)).

- 3 -

whatever sentence might have been originally imposed or (ii) if the court originally suspended the execution of the sentence, the court shall revoke the suspension and the original sentence shall be in full force and effect. The court may again suspend all or any part of this sentence and may place the defendant upon terms and conditions or probation.

Furthermore, "[b]ecause probation depends for enforceability upon the existence of a term of sentence suspension, the duration of . . . probation cannot extend beyond . . . the specified period of suspension." Hartless v. Commonwealth, 29 Va. App. 172, 175, 510 S.E.2d 738, 740 (1999). Finally, a sentence is suspended "from the moment following its pronouncement." Coffey v. Commonwealth, 209 Va. 760, 763, 167 S.E.2d 343, 345 (1969).

Here, on December 14, 1993, the trial court suspended nine years of Green's ten-year sentence for ten years on condition that Green be of good behavior for those ten years. That ten-year period of suspension period began from the moment of its pronouncement, December 14, 1993, and expired ten years later, on December 14, 2003.

The Commonwealth argues the trial court had authority to revoke the suspended sentence in 2017 because the order provided that the *period of supervised probation* did not commence until Green was released from incarceration, which did not occur until 2014. However, Code § 19.2-306 contains no provision that would toll *the period of suspension* while Green was incarcerated for unrelated offenses that occurred prior to the commencement of the period of suspension.[2] And, as we have noted above, the period of probation cannot exceed the period of suspension. See Hartless, 29 Va. App. at 175, 510 S.E.2d at 740. Accordingly, after December 14, 2003, the trial court no longer had authority to revoke Green's previously-suspended

---

[2] But see Rease v. Commonwealth, 227 Va. 289, 316 S.E.2d 148 (1984), decided under Code § 19.2-306 prior to the enactment of the 2002 amendments, which held that where an individual on probation commits a new crime during the period of probation and is arrested by a foreign jurisdiction beyond the reach of the trial court, the one-year time constraint of Code § 19.2-306 is suspended.

sentence.  Thus, the trial court erred in revoking that suspended sentence for events that occurred in 2015.

CONCLUSION

For the foregoing reason, the decision of the trial court is reversed.

<u>Reversed and dismissed.</u>