COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Huff and Athey
Argued at Norfolk, Virginia

PUBLISHED

GERARD LAMONTESE LEE

OPINION BY
v.        Record No. 0076-19-1                 JUDGE RANDOLPH A. BEALES
                                               NOVEMBER 19, 2019
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Carl E. Eason, Jr., Judge

Sean E. Harris, Senior Trial Attorney (Office of Public Defender, on
briefs), for appellant.

Brittany A. Dunn-Pirio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


This case concerns the question of when the period of suspension of a suspended

sentence begins to run.  In January 2014, appellant Gerard Lamontese Lee was sentenced to

multiple terms of incarceration with a portion of those sentences suspended for a period of three

years.  In December 2018, the trial court revoked the suspensions and reimposed a portion of the

original sentences to be served.  On appeal, Lee argues that the period of suspension of a

suspended sentence must begin running upon the trial court's pronouncement of the suspension.

I. BACKGROUND

By means of sentencing orders entered on January 27, 2014, Lee was sentenced for

several crimes for which he had been convicted.  For grand larceny, he was sentenced to four

years of incarceration, with two years and six months suspended.  For felony failure to appear, he

was sentenced to one year of incarceration, with nine months suspended.  Both sentencing orders

included the following language:

The Court SUSPENDS [the suspended portion of the sentence] for a period of THREE (3) YEARS, upon the following conditions:

Good Behavior. The defendant shall be of good behavior for a period of THREE (3) YEARS from the defendant's release from confinement.

Supervised Probation. The defendant is placed on probation on his release from incarceration, under the supervision of a Probation Officer for a period of THREE (3) YEARS, or unless sooner released by the court or by the probation officer.

Lee was released from incarceration on or about April 12, 2016. On September 11, 2017, the trial court issued capiases to show cause why Lee's suspended sentences should not be revoked for failure to comply with the terms and conditions of his probation.[1] Lee made a motion to dismiss the probation violation charges against him, arguing that "the alleged misbehavior in this case . . . all occurred after Defendant's period of suspension expired." On December 10, 2018, the trial court denied Lee's motion to dismiss. The Commonwealth made proffers of evidence of numerous violations of probation including, among other things, failure to turn himself in because of an arrest warrant in June 2017; April 26, 2018 convictions for traffic violations that occurred in February 2018; and July 23, 2018 convictions for felonious eluding police and child abuse. The trial court found that by the new convictions, Lee had violated the condition of good behavior in his suspended sentences.

By orders entered December 11, 2018, the trial court revoked and reimposed Lee's suspended sentences – two years and six months (with two years re-suspended) for Lee's grand larceny sentence, and nine months for Lee's failure to appear sentence.

On appeal, Lee, relying on Green v. Commonwealth, 69 Va. App. 99 (2018), argues that since "a sentence is suspended 'from the moment following its pronouncement,'" id. at 104

---

[1] On November 8, 2018, the trial court amended the capiases to show cause why Lee's suspended sentences should not be revoked for failure to comply with the condition of good behavior.

(quoting Coffey v. Commonwealth, 209 Va. 760, 763 (1969)), a *period of suspension* must also start at the pronouncement of the sentence. He also argues that certain language from Green provides that there is no tolling provision within Code § 19.2-306 to toll the period of suspension. Based on those premises, Lee further argues that since the original sentencing orders were entered in January 2014, the three-year period of suspension expired in January 2017, and consequently "the court was without authority in the present case to rule upon the two revocations and find Appellant in violation as all alleged conduct occurred outside the period of suspension."

## II. ANALYSIS

"Generally, '[a]bsent an abuse of discretion [this Court] will not reverse a trial court's revocation of a suspended sentence under Code § 19.2-306.'" Green, 69 Va. App. at 103 (alterations in original) (quoting Leitao v. Commonwealth, 39 Va. App. 435, 438 (2002)). However, the "question of the authority of the trial court to revoke [an] appellant's suspended sentence is one of statutory interpretation and presents a pure question of law, which this Court reviews *de novo*." Hodgins v. Commonwealth, 61 Va. App. 102, 107 (2012). The suspension and revocation of sentences is a matter regulated by statute, see Richardson v. Commonwealth, 131 Va. 802, 809 (1921), and our analysis centers on the plain language of those statutes.

Code § 19.2-303 provides, in pertinent part, "After conviction, whether with or without jury, the court may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the defendant on probation under such conditions as the court shall determine . . . ."

Code § 19.2-303.1 gives wide latitude and discretion to trial courts in suspending sentences: "In any case where a court suspends the imposition or execution of a sentence, it may fix the period of suspension for a reasonable time, having due regard to the gravity of the

offense, without regard to the maximum period for which the defendant might have been sentenced."

Concerning revocation of a previously suspended sentence, Code § 19.2-306(A) states:

> In any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court. If neither a probation period nor a period of suspension was fixed by the court, then the court may revoke the suspension for any cause the court deems sufficient that occurred within the maximum period for which the defendant might originally have been sentenced to be imprisoned.

It is well established that "[t]he only limitation placed upon the discretion of the trial court in its determination of what conditions are to be imposed is that a condition be 'reasonable.'" Hartless v. Commonwealth, 29 Va. App. 172, 175 (1999). Furthermore, "[t]he probation statutes are highly remedial and should be liberally construed to provide trial courts a valuable tool for rehabilitation of criminals. In addition, the power of the courts to revoke suspensions and probation for breach of conditions must not be restricted beyond the statutory limitations." Grant v. Commonwealth, 223 Va. 680, 684 (1982) (citation omitted).

Lee relies solely upon case law, namely Green, in his assertion that periods of suspension necessarily begin upon pronouncement. There is no statute that states such a rule.

In Green, the appellant was sentenced on December 14, 1993, after pleading guilty to felony arson. The trial court used the following language to suspend a portion of the sentence:

> The Court suspends the execution of nine (9) years of the ten (10) year sentence, on the condition that the defendant keep the peace and be of good behavior and violate no criminal laws of the Commonwealth or of any other jurisdiction of the United States for a period of ten (10) years.

The trial court went on to provide, "Upon the defendant's release from confinement, he is to be placed on active supervised probation under the Probation Officer of this Court for the term of

- 4 -

suspension for a period of time deemed appropriate by the Court." Prior to his release from confinement for the arson conviction, Green was convicted for unrelated offenses that he committed prior to December 14, 1993, and was sentenced to a total of 54 years in prison. Green was released from that incarceration on November 7, 2014, and a report of violation of probation was filed for events that occurred in May 2015. The trial court found Green in violation of probation and ordered him to serve the nine years remaining on his arson conviction. On appeal to this Court, Green contended that his period of suspension expired in 2003. This Court agreed, finding that the "ten-year period of suspension began from the moment of its pronouncement, December 14, 1993, and expired ten years later, on December 14, 2003." Green, 69 Va. App. at 104. The Court's holding was that "Code § 19.2-306 contains no provision that would toll *the period of suspension* while Green was incarcerated for unrelated offenses that occurred prior to the commencement of the period of suspension." Id.

However, this Court's holding in Green occurred under a quite different situation and does not dictate the outcome in the case now before us. First, Green considered whether the period of suspension is tolled while a defendant serves another sentence for a completely different, unrelated set of crimes that occurred before the pronouncement of the suspension of the sentence in that case. In contrast, in the case now before us, Lee did not serve a subsequent term of incarceration for an unrelated offense. Second, in Green, the trial court's sentencing order did not include language specifying when the period of suspension was to begin. In the case now before us, however, the trial court's sentencing order is rather clear that the period of suspension of the suspended sentence and the good behavior required in it were both for three years and did not begin until appellant's release from incarceration. The supervised probation, which must be subject to a period of suspension of a suspended sentence, see Hartless, 29 Va. App. at 175, also began "on his release from incarceration" for a period of three years.

- 5 -

Indeed, the orders explicitly provide the following conditions (among others) for the three-year period of suspension of the suspended sentence:

> Good Behavior. The defendant shall be of good behavior for a period of THREE (3) YEARS *from the defendant's release from confinement*.
> Supervised Probation. The defendant is placed on probation *on his release from incarceration*, under the supervision of a Probation Officer for a period of THREE (3) YEARS, or unless sooner released by the court or by the probation officer.

(Emphasis added.)

The Supreme Court's decision in Coffey v. Commonwealth, 209 Va. 760 (1969), also provides some important guidance on this issue.[2] In that case, Coffey was convicted of concealing stolen goods, for which he received a sentence of two years – and also was convicted of statutory burglary, for which he received a sentence of three years. The sentence for statutory burglary was all suspended on the condition that Coffey "be of good behavior in all respects for the term of five years from the date of his release" for the sentence for concealing stolen goods. Id. at 761. Coffey was eventually placed on parole from his two-year sentence for concealing stolen goods, and while on parole, was charged with and convicted of four offenses. Consequently, the trial court revoked the previous suspension of his sentence for statutory burglary.

Coffey argued on appeal that, because he was on parole from that two-year sentence, he had not yet completed that two-year sentence for concealing stolen goods and thus "was not

---

[2] At oral argument before this Court, Lee conceded that "if the Court says that Coffey and Collins [v. Commonwealth, 269 Va. 141 (2005),] is [sic] still applicable . . . then I wouldn't have any grounds to stand on. But if the Court's recent cases of Green and Cilwa [v. Commonwealth, No. 0481-15-4 (Va. Ct. App. Nov. 29, 2016),] is [sic] the measure, then Mr. Lee does have grounds to stand on." Lee's argument is that this Court's decisions in Green and Cilwa changed or abandoned the precedent established by the Supreme Court in Collins and Coffey. Of course, this Court, which decided Green and Cilwa, has no authority to abandon or overturn Collins or Coffey, given that they are Supreme Court precedent that is binding upon this Court.

subject to the terms of the suspension order" of the sentence for the statutory burglary conviction. Id. The Supreme Court rejected his argument, holding, "The effect of the trial court's order was to fix two periods to which the condition of good behavior attached." Id. at 763. The Court explained, "The first was a period of suspension without probation to commence November 7, 1966, the date the sentence was suspended, and to run until the defendant [Coffey] began supervised probation. The second was a period of suspension with probation to run for five years." Id.

While the Supreme Court held in Coffey that "there can be no doubt that the sentence imposed upon the defendant . . . was, from the moment following its pronouncement, suspended," id., there is no indication in the opinion that the *period of suspension* of the suspended sentence must begin upon pronouncement. To the contrary, the Court found that the second period of suspension "was a period of suspension with probation to run for five years." Id. Therefore, the Court's holding in Coffey supports the distinction between a *suspended sentence* and a *period of suspension of a suspended sentence* – and supports the idea that, while a sentence is suspended immediately upon pronouncement, the actual *period of suspension* may well begin running at a later time.

As is evident from the Supreme Court's decision in Coffey, a trial court's imposing of a period of suspension of a suspended sentence that begins upon release from incarceration does not mean that there is no condition of good behavior until the period of suspension of the suspended sentence actually begins running. As the Supreme Court recently explained regarding Coffey, "Even though the period of supervised probation had not yet begun, the condition of good behavior was implicit at the time the court imposed a suspended sentence." Burnham v. Commonwealth, ___ Va. ___, ___ (Oct. 31, 2019). The Court further noted, "[O]ur cases have

held for over 50 years that good behavior is an implicit condition of a suspended sentence" and "that the requirement of good behavior [is] implicit in every suspended sentence." Id. at ___.

Therefore, since there is no statute or case law requiring a period of suspension to begin upon the trial court's pronouncement of the suspension of a sentence, "we turn to the language of the order to determine the original sentencing judge's intent." Wood v. Commonwealth, 12 Va. App. 1257, 1260 (1991). The trial court clearly intended for the period of suspension to begin upon Lee's "release from confinement." That is especially clear here where the same judge who issued the underlying 2014 sentencing orders so interpreted the orders in December 2018. See Fredericksburg Const. Co., Inc. v. J.W. Wyne Excavating, Inc., 260 Va. 137, 144 (2000) ("[W]hen construing a lower court's order, a reviewing court should give deference to the interpretation adopted by the lower court.").

As noted *supra*, "the power of the courts to revoke suspensions and probation for breach of conditions must not be restricted beyond the statutory limitations." Grant, 223 Va. at 684. No statute (or case law) prohibits a trial court from imposing a period of suspension that begins to run upon a defendant's release from incarceration. The trial court appropriately exercised its authority to revoke the suspended sentence as the period of suspension of that suspended sentence began to run when Lee was released from incarceration.

### III. CONCLUSION

In short, neither statutory law nor case law supports Lee's argument that the period of suspension of a suspended sentence *must* begin running upon pronouncement of the suspension of the sentence – and cannot begin running upon release from incarceration. Therefore, the trial court did not err in establishing a period of suspension of the suspended sentence to begin running upon Lee's release from incarceration.

For all of these reasons, we conclude that the trial court did not err, and we affirm the trial court's revocation orders.

Affirmed.