COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges O'Brien, Malveaux and Callins
Argued at Alexandria, Virginia


THOMAS JOSEPH RUSSO

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0662-21-4                      JUDGE MARY GRACE O'BRIEN
                                                    AUGUST 16, 2022
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                                James C. Clark, Judge

                Marvin D. Miller (Law Office of Marvin D. Miller, on briefs), for
                appellant.

                Katherine Quinlan Adelfio, Assistant Attorney General (Jason S.
                Miyares, Attorney General, on brief), for appellee.


        Thomas Russo ("appellant") was found in violation of his probation and sentenced to serve

ten years of a previously suspended fifteen-year sentence.  He appeals the court's denial of his

post-sentencing "Motion for Appropriate Relief," which he based on Code § 19.2-303.

                                        BACKGROUND

        On appeal, we review the facts in the light most favorable to the Commonwealth, the

prevailing party below.  *Coley v. Commonwealth*, 55 Va. App. 624, 627 (2010).

        In September 2014, appellant pled guilty to malicious wounding after he stabbed Terry Day

forty-three times.  Appellant's ex-girlfriend was in a relationship with Day.  Before the stabbing,

appellant repeatedly threatened his ex-girlfriend and the victim.  After appellant's arrest, the police

searched the apartment he shared with his two adult sons and discovered twelve rifles, including a

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

.50 caliber "sniper rifle." The police found other weapons in appellant's bedroom, including swords and martial arts weapons, several thousand rounds of ammunition, and a loaded anti-tank mine.

The court sentenced appellant to twenty years' imprisonment, with fifteen years suspended, and twelve years' probation. While in prison, appellant acquired a tattoo of a knife with dripping blood and the words "Without Remorse." On a recorded telephone call from prison, appellant asked his son how many times the victim was stabbed, so appellant could add the number below the tattoo.

Appellant was released from incarceration and placed on probation July 25, 2018. That day, he went to the Alexandria Commonwealth's Attorney's office and unsuccessfully attempted to meet with the attorney who prosecuted his case. On July 30, appellant signed probation conditions, which included, "I will not use, own, possess, transport[,] or carry a firearm," as well as a provision that he would obey all federal, state, and local laws and ordinances. The probation officer also consistently told appellant, in response to his repeated inquiries, that he was not allowed access to any firearms.

Less than one month after his release, appellant went to an Alexandria gun store where he handled both an AR-15 rifle and a Colt Python .357 revolver and received a quote for a custom-made AR-15 rifle. As a result, appellant was arrested for the federal charge of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). After appellant's arrest, law enforcement officials discovered a text message he sent the day before, asking his son to "locate a gun range that does not specifically check identification."

Appellant subsequently pled guilty to the federal charge, and his probation officer filed a major violation report and requested a capias. The court held a revocation hearing on August 20, 2020.

At the hearing, the Commonwealth introduced the federal conviction order, which included probation conditions. One condition provided that appellant "shall have no contact, direct or indirect, with any personnel from the Alexandria Commonwealth's Attorney's Office," unless in the presence of his attorney. When the court asked about that condition, the Commonwealth proffered that during appellant's incarceration, he made threats against both the victim and the prosecuting attorney. Appellant proffered that he merely went to the Commonwealth's Attorney's office upon his release "to thank" the prosecutor.

Appellant did not contest the validity of his federal conviction. Instead, he offered mitigation evidence about mental health issues resulting from his time in the military. Appellant presented a forensic mental health evaluation that concluded appellant needed outpatient mental health treatment for "his PTSD, his substance abuse, or the adaptive/interpersonal impairments that encompass [b]orderline [p]ersonality traits."

In ruling, the court explained that it considered the underlying crime, as well as appellant's tattoo "memorializ[ing]" it, and appellant's verbal threats about "finishing the job" upon his release. The court also noted appellant's behavior when released from prison—attempting to contact the prosecutor and trying to buy a firearm. The court found these actions presented risks of future behavior that the court was "just not willing to take" and imposed ten years of the suspended sentence in a September 5, 2020 order.

Appellant subsequently retained new counsel. Citing Code § 19.2-303, appellant filed a motion styled "Motion for Appropriate Relief" on April 21, 2021. In it, he argued that the Commonwealth's Attorney's office should have been disqualified from the revocation proceeding. Specifically, he contended that the allegation of him threatening a prosecutor created a conflict of interest with the office. Appellant also argued that the Alexandria circuit court judges should have recused themselves because of their familiarity with the prosecutor, and he claimed that his prior

counsel was ineffective in not raising these issues. Appellant further contended that other mitigating factors "were not fully explicated, presented, [or] explained" to the court at the revocation hearing. Finally, he contested the validity of his federal conviction.

After argument, the court denied the motion and declined to amend its finding or sentence.

ANALYSIS

Appellant contends the court erred by denying the "Motion for Appropriate Relief" he purported to base on Code § 19.2-303. "Generally, '[a]bsent an abuse of discretion, [this Court] will not reverse a trial court's revocation of a suspended sentence under Code § 19.2-306.'" *Green v. Commonwealth*, 69 Va. App. 99, 103 (2018) (alterations in original) (quoting *Leitao v. Commonwealth*, 39 Va. App. 435, 438 (2002)). "However, the 'question of the authority of the trial court to revoke [an] appellant's suspended sentence is one of statutory interpretation and presents a pure question of law, which this Court reviews *de novo*.'" *Lee v. Commonwealth*, 71 Va. App. 205, 208 (2019) (alteration in original) (quoting *Hodgins v. Commonwealth*, 61 Va. App. 102, 107 (2012)).

Despite never moving to disqualify the Commonwealth's Attorney's office at any point before or during the revocation hearing, appellant now argues that the court erred in failing to grant his "Motion for Appropriate Relief" and asks this Court to remand the case for appointment of a new prosecutor to determine "whether and, if so, under what circumstances [the] case should proceed." However, Rules 1:1 and 5A:18 preclude appellant from obtaining his requested relief.

Appellant acknowledges the strictures of Rule 1:1(a), which at the time of his probation revocation provided that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended

for twenty-one days after the date of entry, and no longer."[1]  After twenty-one days, subject to certain exceptions, the court loses jurisdiction to amend a final order, including a sentencing order.

Relying on Code § 19.2-303, appellant moved for a rehearing of his probation revocation proceeding.  Appellant correctly notes that the statute establishes a narrow exception to the twenty-one-day limitation on a court's authority to reconsider a final order.  The version of the statute in effect at the time provided as follows:

> If a person has been sentenced for a felony to the Department of Corrections[,] . . . the court which heard the case, if it appears compatible with the public interest and *there are circumstances in mitigation of the offense*, may, at any time before the person is transferred to the Department, suspend or otherwise modify the unserved portion of such a sentence.

2019 Va. Acts ch. 783 (emphasis added).[2]

However, nothing in appellant's allegation of conflict of interest establishes "mitigation of the offense" as required by Code § 19.2-303.  Appellant actually presented his mitigation evidence in the form of a psychological report at his probation violation hearing.  The court acknowledged and considered both appellant's mental health issues and his prior military service before ruling.

Further, the action appellant complains about—prosecution by a Commonwealth's Attorney's office with a conflict of interest—if true, would not warrant a reconsideration of the sentence, but rather a new revocation hearing.  *See Price v. Commonwealth*, 72 Va. App. 474, 492 (2020) (reversing criminal conviction and remanding when private prosecutor simultaneously

---

[1] Rule 1:1 was amended in 2020 and effective in March 2021, after Russo's probation was revoked and the order was entered.  The prior version of the rule controls.  *See Washington v. Commonwealth*, 216 Va. 185, 193 (1975) ("[T]he rights of the parties are to be decided in accordance with the law in effect when the action was begun.").

[2] Code § 19.2-303 was amended and effective on July 1, 2021 and July 1, 2022.  *See* 2021 Va. Acts Sp. Sess. I, ch. 538; 2022 Va. Acts ch. 42.  The version in effect until July 1, 2021 controls and is reproduced here.  *See* 2019 Va. Acts ch. 783.  *See also Washington*, 216 Va. at 193.

- 5 -

represented victim in civil action against defendant and therefore had a conflict of interest). "Code § 19.2-303 does not apply . . . to the determination of guilt or innocence. The General Assembly clearly did not intend it to be an alternative to a writ of actual innocence or habeas corpus relief." *Wilson v. Commonwealth*, 54 Va. App. 631, 643 (2009).

The Commonwealth moved to revoke appellant's suspended sentence in May 2019. The court heard the motion in August 2020 and entered the order the next month. At no point between May 2019 and September 2020 did appellant raise the issue of the Commonwealth's Attorney's office's disqualification. It was not until more than seven months after the final order was entered that appellant filed the "Motion for Appropriate Relief" raising the issue. Although appellant invoked Code § 19.2-303, that statute did not apply, and the court did not have jurisdiction to award the requested relief.

Appellant's remaining assignment of error encompasses arguments that the court abused its discretion by imposing an excessive sentence, the court ignored his mitigation evidence, and Code § 19.2-294 prohibited the Commonwealth from proceeding with a probation violation based on the federal conviction. These contentions are procedurally defaulted: the constraints of Rule 1:1 divested the court of jurisdiction to grant appellant's requested relief based on these claims.

Additionally, appellant never raised any of these issues during the probation revocation hearing or in a timely filed motion for reconsideration under Rule 1:1, and his assignments of error are therefore waived. Rule 5A:18 states,

> No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to preserve the issue for appellate review.

Under Rule 5A:18, "a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal." *Edwards v. Commonwealth*, 41 Va. App. 752, 760 (2003) (*en banc*). Additionally, appellant did not ask the Court to apply the "good cause" or "ends of justice" exceptions from Rule 5A:18, and we will not apply them *sua sponte*. *See id.* at 761; *Stacey v. Commonwealth*, 73 Va. App. 85, 93 (2021).

Appellant contends that Rule 5A:18 does not apply because the motion was to modify his sentence after he was found in violation of probation. He provides no authority that Rule 5A:18 is inapplicable to a revocation proceeding. In fact, a defendant must object during a revocation hearing or he waives any error, other than subject matter jurisdiction, for appellate review. *See Mohamed v. Commonwealth*, 56 Va. App. 95, 102 (2010). "[T]he main purpose of the rule is to ensure the trial court can 'consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals[,] and mistrials.'" *Kovalaske v. Commonwealth*, 56 Va. App. 224, 230 (2010) (quoting *Martin v. Commonwealth*, 13 Va. App. 524, 530 (1992)).

Appellant never objected to the prosecutor representing the Commonwealth at the hearing and did not move for disqualification before the court entered the revocation order. Appellant also never objected to the court's consideration of his federal conviction. Because appellant failed to preserve these issues below and provides no basis for applying an exception to Rule 5A:18, we are barred from considering these assignments of error on appeal.

## CONCLUSION

We find that the court did not have jurisdiction to grant appellant's "Motion for Appropriate Relief," and appellant waived his assignments of error; therefore, we decline to address the merits of the assignments of error and affirm.

*Affirmed.*