UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Raphael and Callins

LANCE C. BROOKS

MEMORANDUM OPINION*
v.      Record No. 1555-22-3                                      PER CURIAM
                                                                          JUNE 13, 2023
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

(Dana R. Cormier; Dana R. Cormier, P.L.C., on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Rebecca M. Garcia, Assistant
Attorney General, on brief), for appellee.


The trial court found that Lance C. Brooks violated the good-behavior conditions of his

suspended sentences when he was convicted of possession with intent to distribute while

incarcerated. When the misconduct occurred, Brooks was serving the active portions of his

sentences for convictions of possession of cocaine and marijuana, possession of cocaine with

intent to distribute, and possession of a controlled substance. The trial court revoked Brooks's

suspended sentences, reimposed portions of them, and ordered the remaining periods of active

incarceration to run concurrently for an active sentence of six years and eight months. Brooks

argues that the trial court erred because the misconduct did not occur "within the period of

suspension." Code § 19.2-306(A). After examining the briefs and record, the panel

unanimously holds that oral argument is unnecessary because "the dispositive issue" in this

appeal has been "authoritatively decided, and the appellant has not argued that the case law

---

* This opinion is not designated for publication. See Code § 17.1-413.

should be overturned, extended, modified, or reversed." Code § 17.1-403(ii)(b); Rule 5A:27(b). We affirm the trial court's judgment.

## BACKGROUND

In 2005, Brooks pleaded guilty to and was convicted of possession of cocaine and marijuana. The trial court sentenced him to 10 years' incarceration with 8 years and 6 months suspended on the cocaine charge, and to 12 months' incarceration, all suspended, on the marijuana charge. Brooks violated his probation in 2010, and the trial court revoked his suspended sentence on the cocaine charge and resuspended all but four months.

Brooks also pleaded guilty to and was convicted of two counts of possession of cocaine with intent to distribute in 2010. He was sentenced to ten years' incarceration with eight years suspended on one charge and ten years' incarceration, all suspended, on the other. And in 2013, the trial court convicted Brooks of possession of a controlled substance. It sentenced him to ten years' incarceration with eight years suspended on that charge.

The trial court again found Brooks in violation of his probation in 2015. It revoked Brooks's suspended sentence on the 2005 cocaine charge and resuspended all but one year and six months. At another revocation hearing in 2019, the trial court revoked and resuspended Brooks's suspended sentences for the 2005 possession charges and the 2010 possession-with-intent-to-distribute charge. It also revoked his suspended sentence for the 2013 possession charge and resuspended six years, leaving him with another two years' active incarceration on that charge. The trial court conditioned the resuspended sentences on Brooks's successful completion of probation.

In 2022, Brooks's probation officer alleged that Brooks violated the conditions of his suspended sentences. Brooks was then convicted of possession with intent to distribute while incarcerated and sentenced to three years and eight months' active incarceration. At the

revocation hearing, Brooks argued that because he was serving the reimposed portions of his previously suspended sentences at the time of the offense, the offense did not occur "within the period of suspension," Code § 19.2-306(A), and the trial court therefore could not revoke his suspended sentences. The trial court rejected Brooks's argument, found him in violation of the good-behavior conditions of his suspended sentences, and imposed an active sentence of six years and eight months.

ANALYSIS

Code § 19.2-306(A) provides that a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Brooks argues that the trial court lacked authority to revoke his suspended sentences under the statute because the misconduct occurred while he was serving his active sentences, not "within the period of suspension."

"Generally, '[a]bsent an abuse of discretion [this Court] will not reverse a trial court's revocation of a suspended sentence under Code § 19.2-306.'" *Lee v. Commonwealth*, 71 Va. App. 205, 208 (2019) (quoting *Green v. Commonwealth*, 69 Va. App. 99, 103 (2018)). But "the 'question of the authority of the trial court to revoke [an] appellant's suspended sentence is one of statutory interpretation and presents a pure question of law, which this Court reviews *de novo*.'" *Id.* (quoting *Hodgins v. Commonwealth*, 61 Va. App. 102, 107 (2012)).

Our holding in *Hodgins* controls here. In that case, the defendant was convicted of a crime while participating in a work-release program during a period of active incarceration. *Hodgins*, 61 Va. App. at 104. The defendant argued on appeal "that good behavior is not required when serving the active portion of a sentence—but instead that the requirement of good behavior only starts upon release." *Id.* at 110. The Court rejected his argument, explaining that "the Supreme Court of Virginia has made clear that 'the condition of good behavior is implicit in

every order suspending sentence,' and that implicit condition attaches 'from the moment following [the] pronouncement' of a suspended sentence." *Id.* (quoting *Collins v. Commonwealth*, 269 Va. 141, 146 (2005)). The Court held that the "trial court had the authority under Code § 19.2-306 to revoke [the defendant's] suspended sentence for misconduct that occurred while he was serving time on work release." *Id.* at 110-11.

Brooks's misconduct thus occurred during the "period of suspension," and Code § 19.2-306(A) authorized the trial court to revoke his suspended sentences. Good-behavior conditions were implicit in the trial court's orders in 2005, 2010, and 2013 convicting Brooks and suspending all or portions of his sentences. He remained subject to those conditions during the period of active incarceration when he was convicted of possession of a controlled substance.

## CONCLUSION

Because Brooks violated the good-behavior conditions on his suspended sentences "within the period of suspension fixed by the court," Code § 19.2-306(A), the trial court had the authority to revoke his suspended sentences.

*Affirmed.*