COURT OF APPEALS OF VIRGINIA

Present:   Judges Fulton, Friedman and Chaney
Argued at Norfolk, Virginia


BARRY EUGENE LEWIS

                                                        MEMORANDUM OPINION* BY
v.        Record No. 1285-22-1                          JUDGE VERNIDA R. CHANEY
                                                        NOVEMBER 21, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Stephen J. Telfeyan, Judge

Michelle C.F. Derrico, Senior Appellate Attorney (Virginia Indigent
Defense Commission, on briefs), for appellant.

Suzanne Seidel Richmond, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


        Barry Eugene Lewis appeals the circuit court's judgment revoking his previously

suspended sentence and imposing a sentence of "time served" in jail, 39 days.[1]  Lewis argues

that the circuit court erred in finding that he violated a special condition of his probation and

ruling that his probation violation was not a technical violation under Code § 19.2-306.1.  Lewis

also contends that the circuit court erred in sentencing him to more than 14 days in jail, beyond

the maximum sentence allowed for a second technical violation under Code § 19.2-306.1(C).

For the following reasons, this Court reverses the circuit court's judgment, vacates the revocation

sentencing order, and remands for resentencing in accordance with Code § 19.2-306.1(C).

---

        * This opinion is not designated for publication.  *See* Code § 17.1-413(A).

        [1] The circuit court's revocation order did not specify the number of days Lewis had
served.  Lewis contends that he had served 39 days, whereas the Commonwealth maintains that
he had served "approximately 40 days."

BACKGROUND

*A. Prior Proceedings*

In October 2016, Lewis pleaded guilty to larceny, third or subsequent offense. In October 2017, the circuit court sentenced him to incarceration for 3 years, with 2 years and 11 months suspended. The suspended sentence was conditioned on Lewis's compliance with supervised probation "for an indeterminate period." The sentencing order further directed, in relevant part, that Lewis "shall complete any substance abuse screening, assessment, testing, and treatment as directed by the Department of Corrections as part of the defendant's sentence."

In March 2020, Lewis's probation officer filed a major violation report alleging that he had violated his probation by (1) failing to follow his probation officer's instructions "to report to and complete substance abuse treatment at the New Life Center in Virginia Beach," and (2) testing positive for cocaine seven times. The circuit court issued a capias in March 2020, and Lewis was arrested two years later, in April 2022.

At the probation revocation hearing in April 2022, the circuit court amended the probation violation report to also allege that Lewis "absconded for 2 years [and] 1 month." Lewis pleaded guilty to all three of the alleged probation violations. The circuit court imposed a sentence of 2 years and 11 months, and suspended 2 years, 10 months, and 17 days, leaving 14 days of active incarceration. This sentence was "suspended on the same conditions as contained in the previous sentencing order," with additional "special conditions" requiring Lewis to enroll in and complete a substance abuse treatment program and to submit to urine screens at least twice a month. The revocation sentencing order further provided: "Upon a first positive urine screen for illegal substances, or upon a first admission of use of illegal substances, or upon a first unexcused absence from a scheduled urine screen or color code, the Probation Officer shall issue a violation immediately."

## B. Lewis's Second Probation Revocation

On June 2, 2022, Lewis's probation officer filed a major violation report alleging that Lewis had violated a special condition of probation by testing positive for cocaine at his first urine screen in May 2022. Lewis was arrested on the capias for the alleged probation violation in June 2022.

At Lewis's second probation revocation hearing on July 19, 2022, Lewis pleaded "[n]ot guilty" to the alleged violation of a "special condition" of his probation. Lewis's probation officer, Karly Hopkins (P.O. Hopkins), testified that three urine screens provided by Lewis tested positive for cocaine. On cross-examination, P.O. Hopkins testified that Lewis submitted to both required drug screens in May 2022 and another drug screen before his arrest on June 17, 2022. P.O. Hopkins further testified that in preparing the sentencing guidelines, she did not classify Lewis's probation violation as a second technical violation—with a maximum sentence of 14 days of active incarceration—because it violated a special condition imposed in the sentencing order. Lewis argued that the relevant special condition in the sentencing order required him to "submit to urine screens a minimum of twice per month" and he complied with this special condition. Lewis further argued that under Code § 19.2-306.1, his cocaine use was a technical violation—failure to refrain from using controlled substances. Lewis contended that the circuit court should dismiss the charge of violating a "special condition" of probation. The circuit court initially agreed that the prior sentencing order did not include a special condition requiring Lewis to refrain from using cocaine. But the circuit court took Lewis's arguments under advisement and continued the matter for a week.

At the probation revocation hearing on July 26, 2022, the Commonwealth argued that dismissal was not an appropriate remedy if the court determined that Lewis's drug use did not violate a special condition of probation. Rather, the Commonwealth argued that the sentencing

guidelines should just be adjusted to show a maximum sentence of 14 days. The circuit court stated on the record that it interpreted the special conditions stated in its prior revocation order to include refraining from using illegal substances. Upon finding Lewis in violation of this special condition, the circuit court imposed the suspended sentence of 2 years, 10 months, and 17 days and "re-suspend[ed] all of it except for time served." This appeal followed.

## ANALYSIS

Lewis argues on appeal that the circuit court erred in finding him in violation of a "special condition" of his probation and imposing a sentence of more than 14 days of active incarceration, the maximum allowable sentence for a second technical violation of probation. *See* Code § 19.2-306.1(C). On appellate review of the circuit court's revocation of a defendant's probation and suspended sentence, "[t]he evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013). "[T]he trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Id.* (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). This Court reviews issues of statutory construction de novo, *id.*, but we give deference to the circuit court's interpretation of its own orders, if reasonable, s*ee Hodgins v. Commonwealth*, 61 Va. App. 102, 108 (2012); *Roe v. Commonwealth*, 271 Va. 453, 457-58 (2006). "We apply an abuse of discretion standard in determining whether the circuit court's interpretation of its order is reasonable." *Roe*, 271 Va. at 458.

When the circuit court ruled that Lewis's cocaine use was punishable as a violation of a special condition of probation rather than a technical violation, this Court had yet to issue its opinion in *Delaune v. Commonwealth*, 76 Va. App. 372 (2023).[2] In *Delaune*, this Court held that a

---

[2] The parties also filed their briefs in this appeal before this Court issued its opinion in *Delaune*. After filing his reply brief, Lewis supplemented his pleadings with a letter noting that *Delaune* is controlling authority in this appeal.

probationer's failure to refrain from using controlled substances is, by definition, a technical probation violation under Code § 19.2-306.1(A)—even if the circuit court's sentencing order labeled such conduct a violation of a "special condition."[3]  *Id.* at 383; *see also* Code § 19.2-306.1(A) ("'[T]echnical violation' *means* a violation based on the probationer's failure to . . . (vii) refrain from the use, possession, or distribution of controlled substances or related paraphernalia." (emphasis added)).  Thus, in light of *Delaune* as controlling precedent, this Court holds that the circuit court erred in ruling that Lewis's cocaine use was not a technical violation of probation.[4]  Because Lewis had only one prior probation revocation sentencing for a technical violation, we agree with Lewis that the circuit court erred in sentencing him to active incarceration for more than 14 days, the statutory maximum sentence for a second technical violation.[5]  *See* Code § 19.2-306.1(C) ("The court shall not impose a sentence of a term of active incarceration upon a first technical violation . . . [and] the court may impose not more than 14 days of active incarceration for a second technical violation.").  Since the circuit court lacked the power to impose a sentence in excess of the statutory limit under Code § 19.2-306.1(C), we must reverse the circuit

---

[3] The official sentencing revocation report (SRR) form used by P.O. Hopkins to calculate Lewis's sentencing guidelines appears to be a source of confusion because the SRR form appears to erroneously treat all violations of "special conditions" of probation as non-technical violations.

[4] Because this Court concludes that Lewis's cocaine use is, by definition, a technical violation of probation under Code § 19.2-306.1(A), it is unnecessary to consider whether Lewis's cocaine use is a "special condition" of probation under the circuit court's prior revocation sentencing order.

[5] "Multiple technical violations . . . considered at the same revocation hearing shall not be considered separate technical violations for the purposes of sentencing pursuant to this section." Code § 19.2-306.1(A).  Therefore, Lewis's multiple positive tests for cocaine count as a single technical violation of probation for purposes of sentencing under Code § 19.2-306.1.  Similarly, the three technical violations in Lewis's first probation revocation proceeding count collectively as Lewis's first technical violation of probation.

court's judgment. *See Delaune*, 76 Va. App. at 383; *Rawls v. Commonwealth*, 278 Va. 213, 221 (2009).

CONCLUSION

The circuit court erred in imposing a sentence of active incarceration that exceeded the statutory maximum sentence for a second technical probation violation under Code § 19.2-306.1(C). Therefore, this Court reverses the circuit court's judgment, vacates the revocation sentencing order, and remands for resentencing in accordance with Code § 19.2-306.1.

*Reversed, vacated, and remanded.*